June, 1809.

CARTER
v.
CARTER.

MARY CARTER *against* JOHN CARTER.

The obligee of a bond can recover no more than the penalty with interest thereon, although satisfaction may not have been obtained for every breach of the condition.

WRIT of error.

This was a *scire facias* on a judgment in debt on bond. The penalty of the bond was 500 dollars. The condition was for the payment of 100 dollars annually to *Mary Carter*, during her life, and the lawful interest for any sum after the same should become due.

The bond was dated the 1st of *October*, 1799. The first instalment became due on the 6th of *September*, 1800; soon after which, a judgment was obtained on the bond, and execution issued for the instalment then due. Four other instalments, with the interest which had accrued on them, were afterwards recovered by *scire facias*. The obligee being still living, this *scire facias* was brought to recover two additional instalments.

The defendant pleaded the former recoveries in bar; to which the plaintiff demurred. The court adjudged the plea sufficient.

*Bradley*, for the plaintiff in error. It will be agreed, that in actions upon bond with a condition, by the ancient common law, in case of the breach of any particular of the condition, the penalty and damages of one shilling for the detention, were given. 3 *Bac. Abr.* 691. *old edit.* This principle operated hardly upon the obligor, in cases where, by the terms of the condition, a *less* sum was due than the penalty; and it was equally hard upon the obligee, where *more* was due than the penalty.

To remedy this hardship upon the obligor, two statutes were made. The *stat.* 4 and 5 *Ann.* provides for all cases where, by the terms of the condition, a less sum is to be paid, on a day certain, than the penalty of the bond. *Esp. Dig.* 225. and 264. *Dub. edit.* And the

*stat.* 8 and 9 *Wm.* III. extends to all cases of bonds conditioned for the performance of agreements in writing, a breach of which may happen at different times; and has been construed to extend to cases where such an agreement is contained in the condition of the bond, and so to comprehend annuity bonds, and bonds payable by instalments. By the terms of this statute, the court must enter up judgment for the precise amount of the penalty, and then assess damages by a jury for the breaches which have happened; and the penalty is to remain a security for future breaches. *Collins* v. *Collins*, 2 *Burr.* 824, 825. *Willoughby* v. *Swinton*, 6 *East*, 550. *White* v. *Sealy et al.*, *Doug.* 48. *Lonsdale* v. *Church*, 2 *Term Rep.* 388. *Wilde* v. *Clarkson*, 6 *Term Rep.* 303. *Bragwin* v. *Perrot*, 2 *Bla. Rep.* 1190.

There has been no statute in *England* to enable courts of law, in favour of the obligee, to give damages to cover the value of the condition, in cases where the sum in the condition exceeded the penalty of the bond; though there was the same reason for making the condition the rule of damages in favour of the obligee as in favour of the obligor. The form of the judgment, however, would admit of their doing this under the name of *damages*. But they were restrained from doing it by *stat.* 8 and 9 *Wm.* III. in all cases of *accumulating* damages. The only case in which they could do it seems to be the case of a condition for the payment of a less sum than the penalty at a time certain, and the accumulation of interest upon the sum in the condition until it exceeds the penalty. In such case, the court is not restrained by the *stat.* 8 and 9 *Wm.* III. and, therefore, they have given real damages to cover the sum mentioned in the condition, *with interest. Esp. Dig.* 662. *Dub. edit. Bull. N. P.* 178. *Com. Dig.* tit. *Obligation*, (E.) *Holdipp* v. *Otway*, 2 *Saund.* 106. *Perit* v. *Wallis*, 2 *Dal.* 252. *Catlin* v. *Allen, Circuit Court U. S. District of Vermont.*

There does not exist a reason why a court should al-
low interest beyond the penalty of a bond, which does
not apply with equal or greater force in favour of allow-
ing the growing instalments of an annuity, though they
should exceed the penalty of the bond by which they are
secured, except the restraint imposed in *England* by the
*stat. Wm.* III.

With respect to courts of chancery, they cannot
exceed the penalty of a bond, because they cannot as-
sess damages. They would also think it inequitable to
do it, in cases where third persons might be affected.
*Mackworth* v. *Thomas*, 5 *Ves.* jun. 329. *Bromley* v.
*Goodere*, 1 *Atk.* 75. *Tew* v. *Lord Winterton*, 3 *Bro. C.
C.* 489. But, in all other cases, courts of chancery dis-
regard the penalty of a bond, and consider the condition
as containing the real contract. Upon this principle
they used anciently to relieve the obligor from the pe-
nalty; and upon this principle they will compel the exe-
cution of an agreement contained in the condition.
*Mackworth* v. *Thomas, ut supra. Collins* v. *Collins*, 2
*Burr.* 826. *Pow. on Cont.* 313. 2 *Evans's Pothier*, 108,
109.

Upon the principle for which I contend, if the obligee
had not sued the bond until this time, she might now, in
a suit upon it, recover for all the instalments. If I am
right, it will not be disputed, but that she may recover
for the same on this *scire facias.*

But whatever may be the rules of the *English* courts,
either of law or chancery, on this subject, I contend, that
the plaintiff is clearly entitled to recover under our sta-
tute.(*a*) By the first breach of the condition, the bond
is to be forfeited; and the court are to proceed to con-
sider what is due in equity, at that time, and enter up
judgment for the same.(*b*) Here it will be admitted,
that in order to ascertain *what is due in equity*, the con-

(*a*) *Stat. Conn.* tit. 6. c. 1.                    (*b*) *Ibid.* s. 8.

*dition* is to be regarded. It is *that* which is to furnish the rule. The statute then provides, that upon any further or other breach, or neglect of performance of any other particular in the condition, the obligee may take out a *scire facias*, and the court shall proceed to make up judgment for what shall appear in equity to be then due, with additional costs; and so from time to time, *till all the particulars mentioned in the condition are performed.*(a) Aside from the last clause, it is evident that the court must here ascertain *what is due in equity* in the same manner as on the first breach, *viz.* by looking at the condition. But the last clause of the section seems as explicit as language can be. The court are directed to give judgment, from time to time, for what shall appear in equity to be due, *till all the particulars mentioned in the condition are performed*, without restriction, and without reference to the amount of the penalty. Indeed, the penalty is not alluded to in any part of the section.

*E. Perkins* and *Staples*, for the defendant. 1. What would have been the effect of this contract at common law, before any statute in this country, or in *England?* Where a bond was given for the payment of money on a particular day, and the money was not paid at the day, the obligee would always recover the whole amount of the penalty at law; and the obligor was compelled to go into chancery for relief. But in *England*, by *stat.* 4 and 5 *Ann.* this was so altered as that the just sum due should be recovered. This statute was made in 1705.(b) Such was also the common law in this state. At an early period, our courts were empowered by statute to render judgment for the real sum due. In an act which appears in the first edition of our statute-book, printed

(a) *Stat. Conn.* tit. 6. c. 1. s. 9.

(b) *Vide Brit. Stat.* vol. 11. p. 158. *Pickering's edit.*

June, 1809.  in 1672, many years before the *English* statute of *Anne*,
CARTER      it is made the duty of the court to determine " any mat-
v.          ter of apparent equity, as upon the forfeiture of a bond
CARTER.     or obligation."(*a*)

Penal bonds with conditions, the breach of which may
happen at different periods; also with conditions for the
performance of some collateral agreement, were, at
common law, forfeited, on the happening of the first
breach; and the whole penalty might be recovered at
law.  On these bonds, the obligor was compelled to go
into chancery.

To relieve the obligor in these cases, in *England*, the
*stat.* 8 and 9 *Wm.* III. was made, providing that no more
than the sum justly due should be recovered; and that
the plaintiff might assign as many breaches as he plea-
sed.(*b*)  This statute was made in 1697.  In this state,
in 1735, a statute making similar provisions was enacted.

Where the condition of the bond contains an agree-
ment to do some collateral act, the obligee may now,
as before these statutes, call the obligor into a court of
chancery, and have a specific performance.  But if he
waives this privilege, and sues the bond at law, the de-
fendant can avail himself of these statutes.

It must be admitted, that before these statutes, the
obligee could never recover any thing more than the pe-
nalty of the bond.  This is the extreme point, fixed by
the parties, beyond which the obligee may never go.
We ask, then, if these statutes were made to *enlarge*
the claims of the obligee upon the obligor, and that
even beyond their agreement?

2. The following decisions, arranged in chronological
order, will shew that the *English* courts will not exceed
the penalty of a bond.

(*a*)  *Stat. Conn.* p. 37. *edit.* 1672.

(*b*)  *Vide Brit. Stat.* vol. 10. p. 19, 20.  *Pickering's edit.*

1658. *Hugh Andely's case, Hardr.* 136.

1671. *Holdipp* v. *Otway,* 2 *Saund.* 108. [This case, though it apparently opposes the principle, really supports it.]

1674. *Davis* v. *Curtis,* 1 *Chan. Cas.* 229. [In point.]

1685. *Hale* v. *Thomas,* 1 *Vern.* 349. 2 *Chan. Cas.* 182.

1705. *Steward* v. *Rumball,* 2 *Vern.* 509.

1707. *Anonymous,* 1 *Salk.* 154.

1708. *Elliot* v. *Davis, Bunb.* 23. [Penalty and interest given. Short note.]

1720. *Lord Dunsany* v. *Plunkett,* 4 *Bro. Parl. Cas.* 517. *Toml. edit.*

1721. *Town of Galway* v. *Russell,* 4 *Bro. Parl. Cas.* 523. *Toml. edit.*

1757. *Grosvenor* v. *Cook,* 1 *Dick.* 305.

1759. *Collins* v. *Collins,* 2 *Burr.* 820.

1769. *Gibson* v. *Egerton,* and *Bumstead* v. *Stiles,* 1 *Dick.* 408.

1775. *Kettleby* v. *Kettleby,* and *Rundle* v. *Pettit,* 2 *Dick.* 514.

1778. *Bragwin* v. *Perrot,* 2 *Bla. Rep.* 1190.

——. *White* v. *Sealy, Doug.* 49.

——. *Lord Lonsdale* v. *Church,* 2 *Term Rep.* 388. *per Buller,* J.

1792. *Tew* v. *Winterton,* 3 *Bro. Chan. Cas.* 489. 496.

1795. *Lloyd* v. *Hatchett,* 2 *Anstr.* 525.

——. *Wilde* v. *Clarkson,* 6 *Term Rep.* 303. *per* Lord Kenyon.

1797. *Sharpe* v. *Earl of Scarborough,* 3 *Ves.* jun. 557.

1800. *Mackworth* v. *Thomas,* 5 *Ves.* jun. 329.

1801. *M'Clure* v. *Dunkin,* 1 *East,* 436.

——. *Clark* v. *Seton,* 6 *Ves.* jun. 411.

Our courts have given *interest* beyond the penalty, not on the ground that they could give *damages* beyond the penalty, but upon the ground that where the whole penalty is given, it is a *liquidated sum,* and, *as such,* will carry interest.

3. But it is claimed, that by our statute the common law is changed; and the penalty of the bond is to stand to secure the fulfilment of each particular of the condition. In answer to this, it may be remarked, in the first place, that our statute is similar in its provisions to the *English* statute of 8 and 9 *Wm.* III.; and no such construction was ever thought of in that country. But, in the next place, this would not be a fair construction of the contract. The fair construction of the contract is, that the obligor will pay 500 dollars to the obligee in annual instalments, if the obligee live long enough to call for the whole. If the other construction be a sound one, it follows, that by the provisions of a statute intended to give the defendant relief, he is in a much worse condition than he was before the statute.

BY THE COURT. The contract of the parties is only to pay the penalty, in case of failure to perform the conditions annexed to it; and the court cannot extend such contract beyond its obvious meaning, for the sake of doing some supposed equity to the obligee.

The statute regulating civil actions gives the courts power to render judgment for *less* than the penalty, where justice requires it, but was not intended to authorize the court, in any case, to give more.

The penalty becomes forfeited, however, on the first breach; and as it then becomes a debt due unconditionally to the obligee, the court may allow interest from that time, but can never exceed the penalty, with interest on it from the first breach.

Judgment affirmed.