AUGUSTUS LYON *v.* HORACE F. CLARK and DAVID P. HALL.

A principal upon a bond conditioned for the indemnity of the obligee against the payment of money, is liable at the common law beyond the penalty of the bond, where the excess consists of interest accrued after the breach of the condition on the sum paid by such obligee.

Whether our statute would preclude a judgment for more than the penalty; or whether the statute authorizes a judgment for the whole sum as damages; *quere?* See 2 R. S. 378, § 9.

*It seems,* that a surety is not liable beyond the penalty, even upon a money bond.

THIS was an action upon a bond executed by the defendants to the plaintiff, as follows:

Know all men by these presents, that we, Horace F. Clark and David P. Hall, of the city of New York, are held and firmly bound unto Augustus Lyon, of the town, &c., and state of Connecticut, in the sum of six hundred dollars, lawful money, &c., for which payment, well and truly to be made, we bind ourselves, jointly and severally, &c.

The bond then recited that a suit was pending in one of the courts of the city of New York, where one Banks, and Elizabeth, his wife, were plaintiffs, and the said Lyon was defendant, for the amount due upon a promissory note of $1,000, given by him to the said Elizabeth; that certain suits had been instituted by several parties in the state of Connecticut against the said Banks, as an absent or absconding debtor, and that copies of the writs of attachment therein had been served upon the said Lyon as the debtor, &c., of the said Banks; that the attaching creditors claimed to hold the said Lyon liable for the amount of their claims against the said Banks; and that the said Lyon was willing to pay to the obligors, Clark and Hall, as the attorneys or agents of said Banks and wife, $889 87, to stop further proceedings upon the said note, between Lyon and Banks and wife.

The condition of the bond was, that the obligors should indemnify the said Lyon from all costs, damages and expenses,

which he might incur by reason of any proceedings instituted against him as the debtor, &c., of the said Banks, by the said attaching creditors.

On the trial before the Hon. WILLIAM KENT, as sole referee, the execution of the bond was admitted, and the plaintiff proved that before the 18th day of November, 1841, he paid upwards of $600 upon judgments obtained against him, as the debtor of the said Banks, by the said attaching creditors, and for costs and expenses thereon; and that on that day he demanded $600 of the defendants, which they refused to pay.

The plaintiff then claimed to recover the penalty of the bond, with interest thereon from the day of the demand. The referee reported in his favor for $600, debt and damages, $375 72 being the interest above mentioned.

The defendants appealed.

*Charles A. Rapallo* and *Horace F. Clark*, for the defendants.

*Charles H. Smith*, for the plaintiff, cited the following authorities: *Van Rensselaer* v. *Jewett*, 5 Denio, 137; S. C. 3 Com. 135; *Mower* v. *Kip*, 6 Paige, 91; *Clark* v. *Bush*, 3 Cow. 151; *Judge of Probate* v. *Heydock*, 8 New Hamp. 491; *Warner* v. *Thurlo*, 15 Mass. 154; *Harris* v. *Clapp*, 1 Id. 308; *Lewis* v. *Dwight*, 10 Conn. 95; 2 Greenleaf Ev. sec. 263, and cases cited; *Smedes* v. *Hooghtaling*, 3 Caines, 48.

BY THE COURT. INGRAHAM, FIRST J.—The question in this case is, whether interest can be charged against the defendants beyond the penalty of the bond.

If the defendants could be regarded as sureties, then I think it is clear that they are not liable beyond the penalty, even upon a money bond. But the defendants in this case cannot receive the benefit of that rule. They appear to have received the money from the plaintiff, and for aught that appears upon the bond, to their own use. No disposition is directed to be made of the money, nor was it paid to any one else than the

defendants, and they must be treated as principals. The defendants, as principals, undertake, in consideration of receiving the money, to indemnify the plaintiff.

The various and contradictory decisions upon the extent of liability of the principal beyond the penalty of the bond, render it very difficult to say what the true rule is according to the American decisions. Nor is it much easier to find out from the English cases the rule in their courts.

Many of the cases on both sides will be found in 4 Day, 30, and 3 Cowen, 151. Without reviewing them separately, I think we can adopt the rule of the old supreme court with more propriety, than to reject that for the decision of other courts. In the case cited from 3 Cowen, the chief justice says, that the weight of authority is, that nothing more than the penalty, or at any rate, the penalty and interest from the time of forfeiture, can be recovered against the principals. Perhaps it is more consonant with the common rules for construing covenants, to hold that where the penalty is fixed, the recovery should not exceed the amount the parties agreed upon as the limit of the liability of the obligor. But the rule has long since been sanctioned in other cases, where a penalty is fixed as damages, that such amount is not to be the amount of damage to be recovered in all cases, and the decision I have referred to seems to sanction a recovery of the penalty and interest from the time of forfeiture.   (3 Cowen, 151; 6 Paige, 92.)

An objection is taken to the amount, upon the ground that the statute 2 R. S. p. 378, directs the judgment to be entered for the penalty of the bond. Whether that would preclude a recovery by judgment of more than the penalty, it is not necessary now to inquire.    That is a matter for the plaintiff to decide upon in entering his judgment, and does not affect the report of the referee. Upon that point we do not express any opinion.

The objection that the complaint only alleges payment to have been made in 1843, and that interest can only be claimed from that date, does not appear to have been taken before the referee. If it had been, we are not furnished with the

complaint so as to be able to say whether the prayer for relief would warrant the report or not. If the error is only in the allegation as to when the payment was made, that is a variance between pleading and proof which we are directed to disregard.

Motion to set aside report of referee denied.