THE AMERICAN SURETY COMPANY OF NEW YORK vs. THE PACIFIC SURETY COMPANY.

Third Judicial District, New Haven, June Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Fraud as a defense must be specially pleaded.
An answer alleging that the bond of indemnity sued upon was obtained by the plaintiff by means of certain specified fraudulent statements made to the defendant, charges active fraud by positive falsehood and not a passive fraud committed by mere silence or a failure to disclose; and the nature or ground of the fraud thus relied upon as a defense is not changed by an additional isolated averment that the fact, to which one only of the many positive false statements related, was "wilfully concealed" from the defendant by the plaintiff.

Recovery in an action of debt on a bond is not limited to the amount of the penalty.   Interest upon the debt after it is due may be allowed, although the total sum is thereby made to exceed the penalty.   The interest, however, is to be computed only from the time of the breach.

The defendant gave a bond to indemnify the plaintiff, who was then surety upon a contractor's bond.  The plaintiff was sued on its obligation and the present defendant acted in harmony with the plaintiff in contesting its liability.   *Held* that under these circumstances there was no breach of the defendant's bond until the plaintiff's liability as surety had been established by judgment, and therefore interest in the present action was recoverable only from the date of the judgment against the plaintiff, and not from the date when the latter's liability accrued.

The bond also provided that the obligor should place the obligee in funds to meet every claim and demand against the latter by reason of its suretyship.   *Held* that this did not require the obligor to place the obligee in funds until a request therefor had been made.

Argued June 16th—decided August 3d, 1908.

ACTION on an indemnity bond, brought to the Superior Court in New Haven County and tried to the jury before *George W. Wheeler, J.;* verdict and judgment for the plaintiff for $9,562.50 damages, and appeal by the defendant. *Error in part.*

The plaintiff was surety upon a bond given by the National Steam Economizer Company, as principal, to the city of New Haven, to secure the faithful performance by said principal of its contract with said city for the installation of certain heating and ventilating apparatus in a city building.  The facts relating to the giving of this bond, and those which led up to a suit by the city thereon, are fully stated in the case of *New Haven* v. *National Steam Economizer Co.*, 79 Conn. 482, 65 Atl. 959.  That action finally resulted in a judgment against the present plaintiff, rendered May 24th, 1906, for the sum of $14,907.56 damages.  The cause of action therein was found to have accrued July 27th, 1903, and interest from that date was included in the judgment.  This judgment the plaintiff

subsequently paid, as also the costs of suit and expenses involved.

Shortly after the delivery of this bond to the city, the Economizer Company gave to the plaintiff its written order upon the city for the first $5,000 to become due under said contract. Subsequently the plaintiff released this order, and in part consideration therefor the defendant, on September 11th, 1902, executed and delivered to the plaintiff the indemnity bond in suit. This instrument was, in its pertinent parts, as follows:—

"American Surety Company of New York, hereinafter called the Surety, having, at the request of the National Steam Economizer Company, executed that certain bond, dated November 11, 1901, in the sum of fifteen thousand dollars, conditioned, in substance, for the faithful performance by the National Steam Economizer Company, of a contract with the City of New Haven for the construction of a heating and ventilating apparatus in the new High School building in York Square in the city of New Haven, a copy of which bond is hereto annexed, and at or about the time of the execution thereof, there having been delivered to the said American Surety Company of New York certain collateral, and the said National Steam Economizer Company having requested the said American Surety Company of New York to release the said collateral:

"Now, therefore, in consideration of the said American Surety Company of New York releasing said collateral and continuing as surety upon the said bond, the said National Steam Economizer Company, as principal, and the Pacific Surety Company, a corporation organized under the laws of the State of California, as surety, do hereby undertake and agree: 1. That they will at all times indemnify and save harmless the said American Surety Company of New York from and against every claim, demand, liability, cost, charge, expense, suit, order, judgment and

adjudication whatsoever, and will place the said American Surety Company of New York in funds to meet every claim, demand, liability, cost, charge, expense, suit, order, judgment or adjudication against it by reason of such suretyship and before it shall be required to pay the same. 2. That upon the making of any demand, or the giving of any notice or the institution of any proceeding, preliminary to determining or fixing any liability which the said American Surety Company of New York may be called upon to discharge by reason of such suretyship, they will immediately notify the said American Surety Company of New York thereof, in writing, at its office, No. 100 Broadway, in the city of New York. . . . 5. That the liability of the Pacific Surety Company herein shall be limited to the sum of seventy-five hundred dollars ($7,500) it being understood that the American Surety Company of New York shall be entitled to full indemnification, as hereinbefore provided, from such Pacific Surety Company, up to said amount."

The defendant was duly notified by the plaintiff of the claim made upon it by the city, and counsel for the defendant were in correspondence with plaintiff's counsel relative to the action upon the bond, aided in the preparation of its answer, were present during a portion of the trial, and were kept advised of the progress of the action. This conduct on the part of the defendant was accompanied with a statement that it was without prejudice to its claim of nonliability. Upon the rendition of the judgment, the plaintiff made demand upon the defendant for reimbursement pursuant to the obligation of the bond. At the time of the commencement of the city's action against the plaintiff the Economizer Company was and has since remained insolvent.

The defendant's answer contained two defenses in form. The first admitted the first paragraph of the complaint, which set up the execution and delivery of the bond, and

pleaded want of knowledge or information as to the remaining allegations which set up the breach. The second, which was double, contained a defense which played no part in the trial, and the defense of fraud inducing the contract, as outlined in the opinion. This embodied the defendant's real defense, in support of which its evidence was offered and to which its evidence was confined.

*Walter J. Walsh,* and *Frederick H. Nash* of Boston, for the appellant (defendant).

*George D. Watrous* and *Henry F. Parmelee,* for the appellee (plaintiff).

PRENTICE, J.　The defendant offered evidence to prove that the plaintiff, in order to induce the defendant to give the bond in suit, made to the defendant certain false and fraudulent representations material to the risk assumed by the terms of the bond, which were relied upon by the defendant. The defense of fraud thus attempted to be established was within the allegations of the special defense, and the evidence offered in support of it was received and submitted to the jury with instructions which are not complained of. What is complained of, is the instruction of the court, in substance, that while the defense of fraudulent concealment of truth resulting from false representations was before the jury under the pleadings, one of fraudulent concealment resulting from passive silence only was not; so that if the defendant should fail to establish the making of false representations as charged, it could not assert, as a ground of defense, that the plaintiff had been guilty of fraudulent conduct in remaining silent with respect to facts within its knowledge material to the risk, when it was its duty to disclose them to the defendant.

Fraud is a fact to be specially pleaded. Practice Book,

1908, p. 250, § 160. The fraud pleaded in this case is active fraud and none other. The allegations setting up a fraud are confined to the following: First, there are those which aver that the plaintiff, in order to induce the defendant to furnish to the former the bond in suit and the indemnity thereby provided, made to the latter a variety of statements and representations about the risk, to wit: that the contract for the performance of which the plaintiff had become surety was an advantageous one, that there had been no default thereunder, that the contractor was all right in every particular, including solvency and business ability, that the plaintiff was perfectly satisfied with the risk incurred by it under its bond, that it was a safe risk and that there were no reasons why an indemnity bond to be given by the defendant would not be a safe risk. It is then alleged that each of said representations was material, that the defendant believed and acted upon them and each of them in entering into its obligation, and that each was false and known to be false when made. Then follows a statement of the alleged fact in respect to each of said representations by which it would appear that each was false and known to be false. In connection with one of these statements, and one only, it is said that the fact was that the contractor, whose contract was the subject-matter of the indemnity, was wholly insolvent at the time of the representation of his solvency, and known to the plaintiff to be so, and it is added, "which said fact was wilfully concealed." Following these several statements is the conclusion that "by virtue of said fraudulent misrepresentations and concealments the defendant was greatly damaged and would not have given said indemnity bond had the true state of facts been disclosed and had the plaintiff not been guilty of making said fraudulent misrepresentations and concealments."

The defendant hangs its right to avail itself of the defense of fraud by silence where there is a duty to speak,

upon the slender thread of the use of the words "conceal" and "concealment," as stated, and the reference to the absence of a disclosure of the true state of facts, in the closing sentence. It is, however, too plain for argument, that the pleader had in mind only active fraud. He was complaining of misrepresentations of fact, and the concealment of truth referred to was not a concealment by silence, but concealment resulting from the assertion of a contrary fact. The fault found with the plaintiff was not that it did not speak and thus passively concealed truth, but that it uttered falsehood and thus actively concealed it. It was thus that the true state of facts was claimed to have been undisclosed, and not—as the defendant now urges that he had the right to show—by the passive act of silence. That this is so, is removed from the domain of doubt, when it is borne in mind that the fact, which alone is alleged to have been concealed, relates to a matter concerning which a statement—a false statement—is alleged to have been made. The fact alleged to have been concealed was the Economizer Company's insolvency: the prior averment is that it was expressly represented to be solvent. There was no room here for passive concealment by mere silence, and the pleader manifestly and necessarily had no thought of charging any fraud otherwise than by the representations already set up, and he charged none. He was charging fraud through the suppression of truth by falsehood, and not its secretion by silence. The presence in the answer of the isolated words upon which so much reliance is now placed, was, it is quite apparent, simply an accident resulting from a choice of language. They were properly used to express an idea in consonance with the allegations of the defense, but not the idea now sought to be imported into the answer through them.

The court was therefore right in not permitting the defendant, failing in its proof of false representations, to avail itself of a defense of fraud by the passive means of

silence alone. This being the case, we have no occasion to consider the question, discussed at length in argument, as to the rule of duty in the matter of disclosing information possessed, which is applicable to a party in the position which the plaintiff occupied.

The cause of action upon which judgment was rendered against the plaintiff in favor of the city of New Haven accrued on July 27th, 1903, and in that judgment, which was for the sum of $14,907.56, interest from that date was included. In the present case, the jury was told that if a verdict was rendered for the plaintiff it should be for the sum of $7,500, with interest thereon to date from July 27th, 1903.

The defendant justly complains of this instruction. Recovery in an action of debt on a bond is not limited to the amount of the penalty. Interest upon the debt after it is due may be allowed, although the total sum is thereby made to exceed the penalty. *Lewis* v. *Dwight,* 10 Conn. 95, 103; *Carter* v. *Carter,* 4 Day, 30, 36. The interest which may thus be recovered is, however, limited to interest from the time of breach, this being the date when the debt is said to accrue. *Carter* v. *Carter, supra.* The theory upon which this recovery of interest is permitted is that there has been an unlawful detention of money after the duty to pay it came into existence, and the interest is allowed as damages therefor. *Selleck* v. *French,* 1 Conn. 32, 33; *Jones* v. *Mallory,* 22 id. 386, 392. As between the plaintiff and the city of New Haven, it was found that the debt from the former to the latter upon the bond then in suit became due July 27th, 1903. It does not follow, as the court below seems to have assumed, that this defendant's bond to the plaintiff was broken at the same time. The test inquiry is, when did this defendant by the terms of its obligation to the plaintiff come under the duty of paying to the latter the principal sum which it has become holden to pay. Its agreement was to indemnify the plaintiff and

save it harmless from and against every claim, demand, cost, charge, expense, suit, order, judgment and adjudication whatsoever, and place the plaintiff in funds to meet every claim, demand, liability, cost, charge, expense, suit, order, judgment or adjudication against it by reason of such suretyship, and before it should be required to pay the same. It can scarcely be said that the latter portion of this obligation required the defendant to place the plaintiff in funds until requested, and in this case no such request is claimed. No demand of any sort was made until the judgment in the suit by the city was rendered. Until that time the plaintiff was acting in harmony with this defendant in contesting its liability, and, as the corollary of its assertion of nonliability, was assuming a position in which there was no liability to it on the part of the defendant, and therefore no duty on the latter's part to pay it anything. Until the judgment was rendered which negatived this contention and established the plaintiff's liability to the city, there was no duty on the part of the defendant to indemnify the plaintiff by the payment of the $7,500, or any part thereof. Interest, therefore, was not recoverable on said sum as money unlawfully detained from the plaintiff. The instruction for the inclusion in the verdict of interest upon $7,500 from July 27th, 1903, to May 24th, 1906, the date of the judgment in the city's suit against the plaintiff, was, therefore, erroneous, and the verdict upon which judgment was rendered was too large by the separable and ascertainable sum of $1,271.25.

There is error, and a new trial is granted unless the plaintiff files a remittitur, as of the date of the judgment, for $1,271.25.

In this opinion the other judges concurred.