[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
This case concerns the collection of a debt following an alleged breach of contract. The plaintiff, Southern New England Telephone Company, filed a two-count revised complaint dated May 18, 1994. Count one alleges that on or about November 28, 1989, and thereafter, the plaintiff sold advertising to the commercial defendant, Guardian Systems, Inc., in either its Yellow Pages and/or White Pages and/or Business to Business telephone directories. The plaintiff alleges that the defendant owes the plaintiff varying amounts for each of the ads. The second count of the plaintiff's complaint alleges unjust enrichment in that the defendant has benefitted [benefited] from the advertising while not paying for it.
On June 21, 1994, the defendant filed its answer, three special defenses and a six count counterclaim. In its answer, the defendant admits ordering the advertising, but denies not paying for it.
The first special defense appears to allege three defenses in one by asserting that the plaintiff breached the agreement by failing to abide by its terms; that the plaintiff breached the implied covenant of good faith and fair dealing; and that the plaintiff committed unfair acts and trade practices in violation of General Statutes § 42-110(b). The second special defense alleges fraud on the part of the plaintiff, and the third special defense claims that the defendant adhered to the terms of the contract. CT Page 263
The defendant's six count counterclaim appears to allege the following: counts one and two, breach of contract theories; count three, an unlawful restraint of trade or commerce within the meaning of the Connecticut Antitrust Act, General Statutes §35-24, et. seq.; count four, an unfair and deceptive trade or practice within the meaning of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a, et seq.; count five, fraud; and count six, breach of the implied covenant of good faith and fair dealing.
The defendant's prayer for relief incorporates the following five theories of recovery: permanent injunctive relief of any unfair trade practice in violation of the agreement between the parties; money damages; punitive damages, attorney's fees and costs pursuant to CUTPA; treble damages, attorney's fees and costs pursuant to the Connecticut Antitrust Act; and such other and further legal and equitable relief deemed appropriate by the court.
On August 15, 1994, the plaintiff moved to strike the defendant's special defenses, counterclaims and prayer for relief. The plaintiff claims that the special defenses are legally insufficient and pled in violation of Practice Book § 164. The plaintiff contends that the counterclaims and prayer for relief violate Practice Book § 116, applicable law and the parol evidence rule[1].
Motion to Strike the Special Defenses
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "The court must construe the complaint in the manner most favorable to the pleader." Ambrogio v. Peryer, Superior Court, judicial district of New Haven, Docket No. 254839 (February 17, 1988, Burns, J.). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them, and if facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989).
"[A] plaintiff can demur [move to strike] to a special defense or counterclaim." Nowak v. Nowak, 175 Conn. 112, 116,394 A.2d 716 (1978). "[T]he trial court [is] obliged . . . to assume the truth of the allegations contained in the . . . special CT Page 264 defense . . . ." Ivey, Barnum O'Mara v. Indian HarborProperties, Inc., 190 Conn. 528, 530, 461 A.2d 1369 (1983). "The purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but show, notwithstanding, that the plaintiff has no cause of action. P.B. 164; Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 7."Commissioner of Environmental Protection v. National CanCorporation, 1 Conn. L. Rptr. 272 (February 9, 1990, Corrigan, J.)
The plaintiff's two count complaint is grounded in a simple contract action as well as a noncontractual action for unjust enrichment. "A simple contract is a parol contract or a contract in writing not under seal or of record . . . ." (Citations omitted, internal quotation marks omitted.) Anderson v.Bridgeport, 134 Conn. 260, 264, 56 A.2d 650 (1948). "[Q]uasi contract, quantum meruit and unjust enrichment . . . based upon common law principles of restitution, are noncontractual actions by which a party may recover despite the absence of a valid contract . . . ." (Citations omitted; internal quotation marks omitted.) Barrett Builders v. Miller, 215 Conn. 316, 317 n. 1,576 A.2d 455 (1990).
First Special Defense
In its revised complaint, dated May 18, 1994, the plaintiff alleges that it sold telephone directory advertising to the defendant, and that it published such advertising in its various directories in 1991, 1992 and 1993. The plaintiff claims that the defendant owes the plaintiff various sums "pursuant to the advertising agreement."
The defendant's first special defense asserts that the plaintiff breached the agreement by failing to abide by its terms, that the plaintiff breached its implied covenant of good faith and fair dealing, and that the plaintiff committed unfair acts and trade practices in violation of General Statutes § 42-110(b). Specifically, the defendant asserts that the plaintiff demanded terms different than those agreed upon, increased the price of the advertisement each year while offering others with similar ads a discounted price, and deleted "the Defendant's commercial advertisement in the 1994-95 Danbury telephone directory."
Based upon an examination of the pleadings, in the light most CT Page 265 favorable to the defendant, it is unclear whether the parties entered into one agreement lasting several years as the defendant asserts, or separate yearly agreements as the plaintiff seems to be asserting. Indeed, the plaintiff itself alludes to "the agreement", singular, in paragraph three of its revised complaint.
A motion to strike "must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which could only be proved by evidence." State v. Bashura, 37 Conn. Sup. 745, 748, 436 A.2d 785
(App. Sess. 1981), citing Bedard v. Cunneen, 111 Conn. 338, 341,149 A. 890 (1930)). The motion "admits all well pleaded allegations and all facts provable thereunder." Doyle v. A. P.Realty Corporation, 36 Conn. Sup. 126, 127, 414 A.2d 204 (Super. Ct. 1980), citing Blanchard v. Nichols, 135 Conn. 391, 392,64 A.2d 878 (1949). "A special defense which alleges that repayment is contingent upon the happening of an event is a valid defense to a claim on a simple contract." Krasnow v. Christensen,40 Conn. Sup. 287, 289, 492 A.2d 850 (Super.Ct., Burns, J.)(1985).
In addition, "[e]very contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Habetz v. Condon, 224 Conn. 231, 238,618 A.2d 501 (1992). "If, in any particular, [the plaintiff] failed to perform, it is a fundamental rule of pleading that the defendant must affirmatively specify that particular in [its] answer." Northrop v. Clinton, 14 Conn. Sup. 28, 32 (Super.Ct. 1946).
The court construes the first special defense as an assertion that the defendant's repayment was contingent upon the happening of a particular event and that the plaintiff failed to perform. Accordingly, the court denies the plaintiff's motion to strike the first special defense to the extent that said defense asserts that the plaintiff breached the agreement and the implied covenant of good faith and fair dealing.
The first special defense further asserts that the defendant is not liable to the plaintiff for the acts alleged in the plaintiff's revised complaint due to the plaintiff's violation(s) of the Connecticut Unfair Trade Practice Act ("CUTPA"), General Statutes § 42-110(b); as to this allegation, the motion to strike is granted for the reasons which follow. CT Page 266
"It is the intention of the legislature that this chapter be remedial and be so construed." General Statutes § 42-110b(d). "A CUTPA claim is an actionable right and therefore is more appropriately brought as a counterclaim and not as a special defense." Duffy Fasano v. Lena, Superior Court, judicial district of Waterbury, Docket No. 109145 (December 2, 1992, Sylvester, J.). "CUTPA is a remedial statute that gives rise to a cause of action and is not properly raised as a special defense."Shawmut Bank v. Moser, Superior Court, judicial district of Tolland at Rockville, Docket No. CV9149087S (September 2, 1992, McWeeny, J.), quoting Connecticut National Bank v. AlliancePetroleum, Inc., 6 Conn. L. Rptr. 529, 530 (June 9, 1992, Hennessey, J.).
Second Special Defense
The defendant's second special defense states that the defendant is free from liability under the plaintiff's revised complaint because "the intentional placing of a competitor's advertisement in the Plaintiff's 1994-95 Danbury telephone directory and deletion of the Defendant's commercial advertisement in said directory constitutes fraud." The plaintiff claims that the defendant has not properly alleged fraud.
"Fraud is a fact to be specially pleaded." American SuretyCompany v. Pacific Surety Company, 81 Conn. 252, 256, 70 A. 584
(1908). Nevertheless, where "[t]he defendant has failed to allege a fact necessary to maintain the special defense of fraud . . . that special defense . . . should be stricken." New Canaan Policev. Lapenta Associates, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV90-0109936 (July 26, 1991, Ryan, J.). "Under our common law, a person claiming to be a victim of fraud had to prove that a false representation was made as a statement of fact; that it was untrue and was known to be untrue by the party making it; that it was made to induce the other party to act on it; and that [the other party] did so to [its] injury. . . ." (Citations omitted; internal quotation marks omitted.) Web Press Services Corporation v. New London Motors,
Inc., 203 Conn. 342, 362, 525 A.2d 57 (1987).
In this case, the defendant has not sufficiently pleaded a special defense based on fraud. There are no allegations that representations made by the plaintiff were false, untrue, and known to be untrue by the plaintiff when they were made in order CT Page 267 to induce the defendant to act. The plaintiff's motion to strike the defendant's second special defense is granted.
Third Special Defense
The defendant's third special defense states that the defendant is not liable to the plaintiff for the claims brought against it in that "[t]he contract as executed expressly set forth the terms and responsibilities of both parties and said terms were adhered to by the Defendant." The plaintiff concludes that "this is not a defense to anything, let alone claimed nonpayment for directory advertising, and can properly be asserted by merely denying the pertinent allegations in the complaint relative thereto."
 "The burden [is] upon the pleaders to make such averments that the material facts should appear with reasonable certainty; and for that purpose [the pleaders are] allowed to use their own language. Whenever that language fails to define clearly the issues in dispute, the court will put upon it such reasonable construction as will give effect to the pleadings in conformity with the general theory which it was intended to follow, and do substantial justice between the parties. . . . But essential allegations may not be supplied by conjecture or remote implication."
(Brackets omitted; citations omitted, emphasis in original.)Cahill v. Board of Education, 198 Conn. 229, 236, 502 A.2d 410
(1985).
Viewing the third special defense in the light most favorable to the defendant, it appears that the defendant claims complete performance of the contract on its part as set forth by the parties. Practice Book § 164 requires that certain defenses be specially pleaded. The rule specifies that payment should be specially pleaded by the defendant even though the plaintiff alleges nonpayment. The rule, however, does not specify if performance under a contract should be specially pleaded.
In any event, assuming the plaintiff is correct and the matter need only be generally and not specially pleaded, striking the unnecessary pleading has been found inappropriate. See WolfeCT Page 268v. Wallingford Bank Trust Company, 124 Conn. 507, 510-511,1 A.2d 146 (1938). "[T]he grounds of irrelevancy and immateriality . . . are not proper grounds for . . . a motion [to strike]." Regal Steel, Inc. v. Farmington Ready Mix, Inc.,36 Conn. Sup. 137, 140, 414 A.2d 816 (Super.Ct. 1980). Accordingly, the plaintiff's motion to strike the defendant's third special defense is denied.
Motion to Strike the Counterclaims
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, or any one or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152. "[I]n judging a motion to strike . . . it is of no moment that the party may not be able to prove his allegations at trial . . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) Grubb Ellis Company v. Dinardo, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 262043 (August 30, 1990, Jones, J.).
"Under our rules of practice, a counterclaim, if proper, is an independent action. . . . It has been defined as a cause of action in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows a recovery by the defendant. . . ." (Citations omitted; internal quotation marks omitted.) Home Oil Company v. Todd, 195 Conn. 333, 340, 341,487 A.2d 1095 (1985). "It is axiomatic in passing on a motion to strike based on a failure to state a cause of action we must take the facts alleged favorably to the pleader and view those facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by them and fairly probable under them. . . ." (Citations omitted; internal quotation marks omitted.) Zeller v. Mark, 14 Conn. App. 651, 654,542 A.2d 752 (1988).
First Count of the Counterclaim
The first count of the defendant's counterclaim alleges that the defendant reasonably relied on representations made by the plaintiff which induced the defendant to enter into a contract with the plaintiff to order advertising. The defendant states CT Page 269 that the plaintiff intentionally failed to complete the agreement and that this conduct harmed the defendant's business financially, requiring the defendant to expend large sums of money for alternative advertising. This is a breach of contract claim.
"In pleading an action for breach of contract, [the party] must plead: 1) the existence of a contract or agreement; 2) the [opposing party's] breach of the contract or agreement; and 3) damages resulting from the breach." Chem-Tek, Inc. v. GeneralMotors Corporation, 816 F. Sup. 123, 131 (D.Conn. 1993), citingO'Hara v. State, 218 Conn. 628, 590 A.2d 948 (1991). The defendant s allegations sufficiently set forth a breach of contract claim.
The plaintiff maintains that this claim is legally insufficient in that the allegations center around events which may or may not have taken place subsequent to the acts alleged in the plaintiff's complaint; therefore, the claim does not arise out of the same transaction or transactions as those found in the plaintiff's complaint as required by Practice Book § 116.
"Section 116 is a common-sense rule designed to permit the joinder of closely related claims where such joinder is in the best interests of judicial economy. . . . Because the plaintiff's complaint and the defendant's complaint alleged breaches of the same contract, it was certainly not plainly erroneous for the trial court to find a relation between the two actions close enough to warrant joinder." (Citations omitted; internal quotation marks omitted.) Atlantic Richfield Company v. CanaanOil Company, 202 Conn. 234, 251, 520 A.2d 1008 (1987).
As previously noted, from the pleadings the court cannot ascertain whether the contract alleged by the defendant is one continuous agreement or one of a series of separate agreements. Common sense, however, indicates the claims made by both parties are "closely related". The plaintiff's motion to strike the first count of the defendant's counterclaim is denied.
Second Count of the Counterclaim
The second count of the defendant's counterclaim alleges an additional breach of contract theory, claiming that the plaintiff failed to supply the defendant with agreed upon discounts. The reasons discussed for denying the motion to strike the first CT Page 270 count of the counterclaim apply equally to the second count.
Third Count of the Counterclaim
The third count of the defendant's counterclaim alleges that the conduct of the plaintiff constitutes an unlawful restraint of trade or commerce within the meaning of the Connecticut Antitrust Act, General Statutes § 35-24 et. seq. The plaintiff argues that this claim is insufficient as a matter of law as the Connecticut Antitrust Act requires a conspiracy which has not been alleged.
"General Statutes § 35-27 is patterned after § 2 of the Sherman Act, 15 U.S.C. § 2. It enumerates three separate offenses: (1) `contract, combination or conspiracy to monopolize', (2) `monopolization'; and (3) `attempt to monopolize'. The first offense requires a plurality of actors. . . . Monopolization requires possession and willful acquisition or maintenance of monopoly power." (Citations omitted.) Shea v. First Federal Savings Loan Association of NewHaven, 184 Conn. 285, 304, 439 A.2d 1033 (1981).
The defendant has not alleged that the plaintiff conspired, contracted or combined with another to monopolize the advertising market in order to injure the defendant. To the contrary, the defendant indicates that it acquired alternative advertising upon its alleged omission from the plaintiff's directory. Such substitute advertising would likely not be possible had the plaintiff monopolized the market of business advertising in Connecticut or in specific areas of Connecticut. The defendant's third count is insufficient as a matter of law; the motion to strike it is granted.
Fourth Count of the Counterclaim
The fourth count of the defendant's counterclaim alleges that the plaintiff's conduct constitutes an unfair and deceptive trade or practice under CUTPA. The plaintiff asserts that a claim under CUTPA requires more than a mere breach of contract. The plaintiff is correct. See Emlee Equipment Leasing Corporation v. WaterburyTransmission. Inc., 41 Conn. Sup. 575, 580 595 A.2d 951 (1991, Blue, J.) ("[a] simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a [claimant] must showsubstantial aggravating circumstances attending the breach to recover . . . ."). See also LaMonte v. Rice, 3 Conn. L. Rptr. 189
CT Page 271 (January 30, 1991, Aronson, J.), Central Delivery Service ofWashington, Inc. v. People's Bank, 2 Conn. L. Rptr. 449 (October 1, 1990, Goldberg, S.J.); Jarasek v. Chrysler House AssociatesLimited Partnership, 4 CSCR 73, 74 (December 2, 1988, O'Connor, J.) ("[a]llegation of a simple breach of contract, in the absence of statements alleging a violation of public policy or unethical or unscrupulous conduct, do not state a claim upon which relief can be granted under CUTPA. . . ."). The plaintiff's motion to strike the fourth count of the defendant's counterclaim is granted.
Fifth Count of the Counterclaim
The fifth count of the defendant's counterclaim alleges that the plaintiff's intentional placing of a competitor's advertisement in its 1994-95 Danbury telephone directory and the deletion of the defendant's advertisement in said directory constitutes fraud. The plaintiff maintains that these allegations are insufficient to allege fraud as a matter of law.
"[A]llegations of fraud, mistake, accident, and improper management [are] merely conclusions of law and absent sufficient facts to support them, are subject to a motion to strike. . . ." (Citation omitted; internal quotation marks omitted.) Cavallo v.Derby Savings Bank, 188 Conn. 281, 285, 449 A.2d 986. This court's discussion of fraud allegations concerning the plaintiff's motion to strike the defendant's second special defense, applies equally to the plaintiff's motion to strike the fifth count of the defendant's counterclaim. Accordingly, the fifth count is ordered stricken.
Sixth Count of the Counterclaim
The defendant alleges in the sixth count of its counterclaim that the plaintiff intentionally breached the implied covenant of good faith and fair dealing by not abiding by the original agreement and by omitting the defendant's listing from the plaintiff's 1994-95 Danbury telephone directory. The plaintiff argues that the sixth count does not set forth a proper affirmative claim, and, even if it does, it does not arise out of the same facts alleged in the plaintiff's complaint.
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the CT Page 272 agreement." Habetz v. Condon, supra, 224 Conn. 238, citing Warnerv. Konover, 210 Conn. 150, 154-56, 553 A.2d 1138 (1989). "To demand this implicit component but do nothing about its absence would be at best incongruous, and, more accurately, grossly unfair." Id.
The plaintiff claims that this type of breach is typically brought as a defense to a breach of contract action and is not properly brought as an independent "affirmative claim." The plaintiff is mistaken, however, as Connecticut courts have established an independent cause of action for breach of an implied covenant of good faith and fair dealing in a contract. See Berry v. Loiseau, 223 Conn. 786, 614 A.2d 50 (1992); Cohen v.Security Title Guaranty Company, 212 Conn. 436, 562 A.2d 51
(1989); Verrastro v. Middlesex Insurance Company, 207 Conn. 179,540 A.2d 693 (1988); Carbone v. Atlantic Richfield Company,204 Conn. 460, 528 A.2d 1137 (1987); Finley v. Aetna Life CasualtyCompany, 202 Conn. 190, 520 A.2d 217 (1987); Barry v. Posi-SealInternational, Inc., 36 Conn. App. 1, ___ A.2d ___ (1994); Preston v.Phelp's Dodge Copper Products Company, 35 Conn. App. 850, ___ A.2d ___ (1994); Maresca v. Ridgefield, 35 Conn. App. 769, ___ A.2d ___ (1994). "[T]he general rule is that a counterclaim should be pleaded in exactly the same way the claim would be pleaded in the complaint in an independent action." Home OilCompany v. Todd, 195 Conn. 333, 341, 487 A.2d 1095 (1985).
Additionally the plaintiff contends that this action cannot be maintained absent a written contract. The plaintiff offers no authority for its contention and the court has found none. In ruling on a motion to strike the court is not concerned with whether or not the party will prevail on its claim; see Grubb Ellis Company v. Dinardo, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 262043 (August 30, 1990, J. Jones); but rather whether the allegations as pleaded, if true, would sustain a valid cause of action. See Ferryman v. Groton,
supra, 212 Conn. 142. The defendant has pleaded sufficient facts to properly allege a cause of action based on a breach of the implied covenant of good faith and fair dealing in a contract case.
Motion to Strike the Prayer for Relief
The defendant sets out the following claims for relief: "A. That [the plaintiff] be enjo[in]ed during the pendency of this action, and permanently thereafter, from any trade practice that CT Page 273 is in violation of the Agreement; B. Money damages; C. Punitive damages pursuant to [CUTPA]; D. Treble damages pursuant to [the Connecticut Antitrust Act]; E. Reasonable attorney's fees and costs pursuant to [CUTPA and the Connecticut Antitrust Act]; F. Such other further legal and equitable relief as this court may deem appropriate."
"A party may utilize a motion to strike in order to test the legal sufficiency of a prayer for relief." Central New HavenDevelopment Corporation v. Potpourri. Inc., 39 Conn. Sup. 132,133, 471 A.2d 681 (Super.Ct. 1983). For the reasons stated above, the court strikes those claims in the defendant's prayer for relief encompassing treble damages, punitive damages, attorney's fees and costs allowable under the Connecticut Antitrust Act and/or CUTPA.
Additionally, the defendant's prayer for injunctive relief if being sought pursuant to CUTPA, is stricken. Nevertheless, the defendant has not alleged facts to establish irreparable harm which is a prerequisite to the issuance of injunctive relief. See, Clark v. Gibbs, 184 Conn. 410, 420-21, 439 A.2d 1060 (1981). The defendant in this case merely alleges that it has expended large sums of money and will continue to do so in order to obtain alternate business advertising. If true, an award of money damages will provide sufficient compensation for the defendant's losses.
The defendant has properly prayed for money damages and "such other further legal and equitable relief as this court may deem appropriate."
CONCLUSION
The motion to strike the first special defense is denied to the extent that said defense asserts that the plaintiff breached the agreement and the implied covenant of good faith and fair dealing. It is granted as to its allegation that the plaintiff violated the Connecticut Unfair Trade Practices Act.
The motion to strike the second special defense is granted.
The motion to strike the third special defense is denied.
The motion to strike the first, second and sixth counts of the counterclaim is denied. CT Page 274
The motion to strike the third, fourth and fifth counts of the counterclaim is granted.
The motion to strike the prayer for relief which seeks money damages and other appropriate legal and equitable relief is denied; the balance of the prayer is stricken.
Martin, J.