JOHN L. CORDRAY ET AL. v. THE STATE OF TEXAS.

(Case No. 4383.)

1. SHERIFF'S BOND — ACTION.— One suit may be maintained on two official bonds given for two different years by a defaulting sheriff, the securities being identical on each; nor is it material that one of the bonds was made payable to the state of Texas, and the other to "R. B. Hubbard, governor of the state of Texas, and his successors in office."

2. SAME.— The liability of sureties on the official bond of a tax collector, which by its terms binds the principal and sureties jointly and severally for its payment, subject to the condition that the principal will faithfully perform all the duties required of him by law as such collector, is not limited by writing opposite the signature of

each surety a specific amount, and causing the certificate of their acknowledgment to recite that they had each rendered himself liable for such specific amount.

3. INTEREST — TAX COLLECTOR. — In a suit against a defaulting tax collector, in the absence of evidence showing when his collections were made, or that he was in default before the end of the fiscal year, interest, under the provisions of the act of August 21, 1876 (Acts 15th Leg., 259), should be required of him on the amount for which he was in default, only, from the end of the fiscal year for which the collections were made.

ERROR from Travis.  Tried below before the Hon. E. B. Turner.

Suit brought in the name of the state of Texas against John T. Cordray as principal, and his co-defendants as his sureties, upon two bonds given by him as sheriff and *ex officio* collector of taxes for Wharton county, for alleged defalcation as such collector for the years 1876 and 1877.

One of the bonds was dated April 15, 1876, and made payable to the state of Texas in the penal sum of $4,000. The other was dated January 13, 1877, and payable to R B. Hubbard, governor of the state of Texas, and his successors in office, in the penal sum of $3,657.88.

Both bonds had the same sureties and were conditioned for the faithful performance by Cordray of all the duties required of him by law as such collector, for and during the term for which he was elected sheriff of Wharton county.  The first one bound the principal and sureties jointly and severally for its payment, subject to the conditions above stated, and opposite the name of each surety was written $1,333.33⅓, making in the aggregate $4,000 — the penal sum of the bond.  The certificate of the notary public, dated subsequently to the date of the bond, appended to the bond, of the oath of the sureties, after naming each of them contains this recital: "Who, after being by me duly sworn, deposes and says each for himself separately, that they are each of them worth in prop-

erty, subject under the laws to execution, the amounts set opposite to their names, and for which they each render themselves liable as sureties on said bond, over and above all their separate liabilities."

On the trial below a jury was waived, the bonds were introduced in evidence, also two statements of account from the office of the comptroller, of date July 7, 1880, showing a balance against Cordray as such collector for the year 1876 of $2,914.71, and for the year 1877 of $3,524.61, aggregating $7,925.13. The court below allowed interest on the first of these amounts from January 1, 1877, and on the second from January 1, 1878; and rendered judgment for the aggregate principal and interest against Cordray and the sureties for $7,657.88, being the penal sum of the two bonds added, and against Cordray separately for the remainder, $267.25. The statements from the comptroller's office did not show the particular dates when the above amounts were collected by Cordray.

*Walton, Green & Hill*, for plaintiffs in error.

I. The court erred because the bond dated April 15, 1876, did not authorize recovery thereon against the sureties for more than they had bound themselves, to wit, in the sum of $1,333.33⅓ each, such being the conditions of the contract as evidenced by the acknowledgment thereto, whereas the recovery was for the whole amount of the bond. Brandt on Suretyship, sec. 79.

II. The court erred in charging interest at eight per cent. per annum from the 1st day of January, 1877, on the account for the year 1876, and from the 1st day of January, 1878, on the account for the year 1877, over the objections of the defendants thereto. Acts 1876, sec. 11, p. 261; R. S., art. 4742; Acts 1876, sec. 13, p. 261; R. S., art. 4744; Acts 1876, sec. 14, p. 262; R. S., arts. 4746–48; Acts 1876, sec. 7, p. 260; R. S., art. 4739; Acts 1876, sec. 26, p. 264; R. S., art. 4764; Evans *v.* The State, 36 Tex., 323.

III. The court erred because the two bonds could not be joined in the same suit, inasmuch as the bond of 1877 must be sued on in the name of the governor of the state of Texas.    Sec. 32, Session Acts 1873, p. 147; sec. 3, Session Acts 1876, p. 259; R. S., art. 4732; Chitty's Pl., pp. 3, 206, 207.

*J. H. McCleary*, Attorney General, and *Osceola Archer*, for defendant in error.

BONNER, ASSOCIATE JUSTICE.— 1. It is assigned as error that the two bonds should not have been declared upon in one and the same suit; the first being payable to the state of Texas, and the second to R. B. Hubbard, governor of the state of Texas, and his successors in office.

Evidently the bonds were both intended for the same general object; the penalty for the breach of both inured to the benefit of the state; and we do not think that it was error to have embraced them both in the same suit.

2. It is also assigned as error, that, in the first bond, the sureties had bound themselves separately, each for the sum only of $1,333.33⅓, and that judgment should not have been rendered against them jointly for the full penalty of that bond, but only for the amount against each for which they had separately bound themselves.

This precise question was before the court at the last Austin term (1880), in the case of Crutchfield *v.* The State, on a similar bond, of date February 15, 1876, in which it was decided, Chief Justice Moore delivering an oral opinion, that the mere addition in figures of "$1,000," opposite the name of each surety, and a similar recital in the subsequent affidavit accompanying that bond to the recital in the affidavit accompanying the one now before the court, would not restrict the express liability contained in the body of the bond itself; however neces-

sary this may have been to advise the officers approving the bond of the solvency of the sureties.

3. So much of the judgment of the court below as allowed interest on the two statements of account from January 1, 1877 and 1878, respectively, is further assigned as error.

The previous laws upon the subject of the reports of the collectors of taxes to be made to the comptroller were changed by act approved August 21, 1876. 15th Leg., 259. Section 7 of that act provides that the collectors shall begin the collection of taxes on the first day of October.

Section 8 gives to parties who failed to meet them at the appointed times and places the privilege to call at their office and make payment at any time between the first day of July and the last day of February.

By section 13 of the act they are required, on and after June first, to make out and post at the court house and other public places in the county, their "lists of delinquent and insolvent tax-payers," and which, upon proper certificate by the commissioner's court, shall entitle them to a credit on final settlement with the comptroller. That law seems not to have provided at what time those lists should be returned to the comptroller's office.

The fiscal years for 1876 and 1877 ended on the 31st day of August for such year, at which time the accounts of collectors were closed in the office of the comptroller, and the balance, if any, were shown against them, and when it would be reasonable to presume that they were wrongfully in default for such balance.

In the absence of testimony, as in this case, showing when the amount sued for actually came into the hands of the collector, or that he was in default before the end of the fiscal year, we are of opinion that this would be the date from which to charge interest against him, and not the preceding 1st day of January, as was done by the judgment below.

There was error, therefore, in that judgment so far as interest was calculated upon the sum of $2,914.71 from January 1, 1877, instead of August 31, 1877, and upon the sum of $3,524.61 from January 1, 1878, instead of August 31, 1878. The amount of this difference will be deducted from the gross sum of $7,925.13, adjudged against Cordray; and for the amount, as thus corrected, being less than the penal sum of both bonds added, judgment will be rendered against him and the other defendants as his sureties; the costs of this appeal, however, not to be taxed against plaintiffs in error. Judgment below is reversed and reformed, in accordance with this opinion.

REVERSED AND RENDERED.

[Opinion delivered April 29, 1881.]