## COLLINS et al. v. TARRANT COUNTY.
### (No. 9986.)

(Court of Civil Appeals of Texas. Fort Worth. May 27, 1922.)

Clerks of courts &#8594;75—Interest properly allowed against bondsmen on sum of bond from time of delinquency.

Under Rev. St. art. 3896, providing that a fiscal year shall begin on December 1st of each year, and that officers named in articles 3881, 3886, shall file their reports and make settlement as required on December 1st, in an action by a county against a district clerk and his bondsmen to recover fees collected by the clerk in suits to collect delinquent taxes, where the judgment against the clerk was for an amount greater than the sum of the bond, awarding interest on the judgment to the extent of the amount of the bond from the end of the fiscal year to the date of the trial was proper.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by Tarrant County against Joe M. Collins and others. From judgment for plaintiff, defendants appeal. Affirmed.

Phillips, Ammerman & Hurley, of Fort Worth, for appellants.

Goree, Odell & Allen and Flournoy & Smith, all of Fort Worth, for appellee.

BUCK, J. This is a companion case to Joe M. Collins et al. v. Tarrant County (No. 9985) 242 S. W. 1103, this day decided by us, and the issues in this case are the same as those in the former case, except that the trial court gave judgment for $936.13, as interest from the end of the fiscal year to the date of the trial. The judgment rendered against Joe M. Collins was for $5,315.98, principal, with interest at 6 per cent. on $2,865.60 from the 1st day of December, 1917, and interest on the balance of said amount, to wit, $2,630.38, at 6 per cent. per annum from the 1st day of December, 1918. The penal sum of the district clerk's bond was $5,000, and on $5,000 interest was awarded against the bondsmen. The appellants contend that the judgment is excessive in the amount of $936.13.

Article 3896, Rev. Statutes, reads as follows:

"A fiscal year, within the meaning of this chapter, shall begin on December 1 of each year; and each officer named in articles 3881 to 3886, and also the sheriff, shall file the reports and make the settlement required in this chapter on December 1st of each year."

In the case of Cordray v. State, 55 Tex. 140, the Supreme Court held that interest should be calculated on the amount of recovery against a sheriff's bondsmen from and after the close of the fiscal year during which the collections were made. This seems to have been done in the instant case. In 21 R. C. L. page 1087, § 128, it is said:

"The cases passing on the liability of a surety for interest when the effect of allowing such interest is to exceed the penalty of the bond are not in harmony. It is a general rule, and well settled, that sureties are liable only to the extent of the penalty of the bond. But the later and apparently preponderance of authority is to the effect that whenever the penalty becomes a debt due and payable as to the surety, he is as much liable for interest thereon as if he had been originally the principal debtor, not, however, as a part of the debt for which he became responsible, but as damages for its detention, and it is immaterial that the allowance of interest may make the judgment in excess of the penalty named in the bond."

See Fraser v. Little, 13 Mich. 195, 87 Am. Dec. 741, and a list of authorities on page 745.

In 9 Corpus Juris, page 132, § 244, it is said:

"In the United States, by the great weight of authority, interest may be allowed on the principal sum, although the recovery may be more than the amount of the penalty. In some jurisdictions, however, a contrary rule prevails. Interest, where allowed in these cases, is allowed as damages for wrongfully withholding a pay-

ment which has become due, and the court may, on consideration of the facts, refuse it."

In support of the minority rule, Corpus Juris cites decisions from Michigan, Missouri, North Carolina, South Carolina, and Tennessee, and in support of the majority rule cases are cited from the United States Supreme Court, Arkansas, Connecticut, Iowa, Kansas, Kentucky, Massachusetts, Nebraska, New Jersey, Pennsylvania, Rhode Island, Vermont, Virginia, and Wisconsin.

In American Surety Co. v. Pacific Surety Co., 81 Conn. 252, 70 Atl. 584, 19 L. R. A. (N. S.) 83, the Connecticut Supreme Court held that interest is recoverable even though the amount of the recovery should exceed the penal sum of the bond, where such excess is made up of the interest. See, also, Empire State Surety Co. v. Lindenmeier, 54 Colo. 497, 131 Pac. 437, Ann. Cas. 1914C, 1189; McMullen v. Winfield Bldg. Association, 64 Kan. 298, 67 Pac. 892, 56 L. R. A. 924, 91 Am. St. Rep. 236; and by the same court in School District v. De Lano, 96 Kan. 499, 152 Pac. 668; U. S. F. & G. Co. v. Am. Blower Co., 41 Ind. App. 620, 84 N. E. 555; Tazwell's Ex'r v. Saunder's Ex'r, 13 Grat. (54 Va.) 354; Lumber Co. v. Peterson & Sampson, 124 Iowa, 599, 100 N. W. 550; Sutherland on Damages, §§ 331, 478.

This being, so far as we have been able to determine, a question not yet passed on by any appellate court in this state, we feel impelled to follow the majority rule and affirm the judgment.

In the case of Grand Lodge, A. O. U. W. of Texas, v. Cleghorn, 20 Tex. Civ. App. 134, 48 S. W. 750, the San Antonio Court of Civil Appeals held that in an action on a common-law bond no damages can be recovered beyond the penalty. There it is further said:

"If it should be regarded as a statutory bond, the judgment is likewise correct, for the rule is, that 'in all actions upon statutory bonds the penalty fixed in the bond is the absolute limit of the damages, except that the plaintiff may in a proper case recover interest.' Sedg. Dam. § 677; 24 Am. & Eng. Enc. of Law, p. 758, note 1."

A writ of error was denied in this case, but we do not understand that the holding therein is in any way in conflict with our conclusion reached in the instant case.

Judgment affirmed.