## HARLLEE et al. v. STATE, to Use of STEELY et al. (No. 815.)

Court of Civil Appeals of Texas. Waco.
June 27, 1929.

J. S. Simkins and Richard & A. P. Mays, all of Corsicana, for plaintiffs in error.

Jack & Jack, of Corsicana, for defendants in error.

GALLAGHER, C. J. This suit was instituted October 25, 1927, in the justice court by C. R. Steely to recover of J. S. Harllee, former clerk of the district court of Navarro county, and J. B. Fortson, W. M. Peck, and A. G. Elliott, sureties on his official bond, the sum of $150 theretofore deposited with said clerk in his official capacity. Mike Howard, who succeeded appellant Harllee as clerk of said court, was made a party defendant in said suit. On October 25, 1927, by an amended claim or demand, the state of Texas, suing for the use and benefit of C. R. Steely, Charlie Steely, Margaret Steely, Ernest Steely, and Willie Steely, was made plaintiff. A recital of the pleadings of the parties is not necessary. A trial in the justice court was had on August 27, 1928, and resulted in a judgment for all the defendants. An appeal was taken from said judgment, and a trial de novo was had in the county court on November 13, 1928.

The testimony showed that in a certain cause pending in said district court the sum of $150 was on October 1, 1924, deposited in the registry of the court for and as the property of Charlie Steely, Margaret Steely, Ernest Steely, and Willie Steely, all of whom were minors. Said Harllee was then clerk of said court and received said deposit as such. On November 4, 1924, Harllee paid said money to C. R. Steely, father of said minors, and he receipted therefor, in his own name, with the word "Guardian" appended to his signature. He had not qualified as guardian of said minors. There was no testimony that C. R. Steely had given bond for said money, nor secured an order of court directing the payment thereof to him, as provided by article 1994 of our Revised Statutes. Said payment was made by Harllee by issuing and delivering to said Steely his check therefor on the Corsicana National Bank. Harllee had at the time and for some time thereafter funds on deposit in said bank in excess of the amount of said check, and the same would have been paid, if it had been presented to said bank for payment. Said check was, however, mislaid, and not presented to said bank for payment for more than two years after its issuance. On December 31, 1924, said Howard succeeded Harllee as clerk of said court. Harllee exhibited to him said receipt of C. R. Steely as an acquittance of liability for said funds, and did not turn such funds over to his said successor. When said check was finally presented to the bank for payment, Harllee had no account there and payment

was refused. Said check has never been paid. Harllee's official bond as clerk of the district court was introduced in evidence. It was in the sum of $5,000, payable to Pat Neff, Governor of Texas, and conditioned for the faithful performance and discharge of all the duties required by law. Appellants other than Harllee were sureties thereon. Judgment was rendered in favor of the state of Texas, for the use and benefit of C. R. Steely, Charlie Steely, Margaret Steely, Ernest Steely, and Willie Steely, for the sum of $150, with legal interest thereon from October 27, 1927. Judgment was rendered in favor of the defendant Mike Howard. He was not made a party to this appeal. Harllee and his bondsmen were represented by separate counsel, and filed separate pleadings and separate motions for new trial. They have filed separate briefs in this court.

### Opinion.

Appellant Harllee by his first proposition contends that the amended claim or demand on which recovery was sought in the name of the state of Texas, as provided in the case of suit upon official bonds by Revised Statutes, art. 1991, was not filed in the justice court until after judgment was rendered therein in this cause, and that the judgment of said court in favor of the state of Texas, for the use and benefit of said Steely and his minor children, was therefore without pleading to support it. Appellant is mistaken in said contention. The date of the filing of said amended claim is given in the margin of the transcript as August 30, 1928, as asserted by appellant; but the file mark on said claim copied in the transcript in connection therewith shows that the same was filed in said justice court on November 25, 1927, more than nine months before judgment was rendered in said court. Appellant's other objections urged in this connection are based on such misconception of the record, and therefore show no error.

Appellants present a number of propositions which they insist show cause for reversal. A separate discussion of each of said propositions is unnecessary. Appellant Harllee received said deposit in his official capacity. Article 2290 of our Revised Statutes provides, in substance, that an officer having custody of money paid or deposited in court during the progress of any cause, to abide the result of any legal proceedings, shall seal up in a secure package the identical money so received and deposit it in some safe or bank vault, keeping it always accessible and subject to the control of the court, and that, when the term of such officer shall expire, he shall turn over to his successor all such trust funds. Said article further provides that the terms thereof shall not be held to exempt such officer or his sureties from liability on his official bond for any neglect

or other default in regard to such money. Appellant Harllee did not comply with this statute. He deposited the money so received by him to be held for such minors in a general current checking account in his individual name at his bank. He did not turn the same over to his successor when his term of office expired.

Article 1994 of our Revised Statutes provides that money so deposited to be held for minors may be withdrawn from the registry of the court by any proper person by giving the required bond and securing an order from the court, entered of record, authorizing him to do so. There is no contention that C. R. Steely ever gave such bond, or secured such order for the payment to him of the funds in controversy in this case. He was not the lawful guardian of said minors. No authority on his part to demand the same from Harllee, nor to receive or receipt therefor, was shown. The attempt on the part of Harllee to pay the same to him by the check so issued was unauthorized, and constituted no defense to this suit, in which recovery of such money was sought and had for the use and benefit of the minors to whom it belonged. Appellant Harllee, as well as his sureties, were liable on his official bond, therefor. Lanham v. Dies (Tex. Civ. App.) 98 S. W. 897, 898; Poole v. Burnet County, 97 Tex. 77, 76 S. W. 425, 427. Appellants' propositions, contending that the failure to present said check to the bank on which it was drawn for payment within a reasonable time after its issuance discharged Harllee from liability thereon, therefore become immaterial, and further consideration thereof is unnecessary.

Appellants complain of the judgment rendered in this cause, so far as the same awards interest on the amount of the deposit so recovered from October 27, 1927. Suit for the recovery of said deposit was instituted October 25, 1927. Both Harllee and his sureties denied and are still denying liability. Interest was properly allowed from and after the institution of suit. 46 C. J. p. 1071, § 404, and authorities cited in note 46; Collins v. Tarrant County (Tex. Civ. App.) 242 S. W. 1105; Cordray v. State, 55 Tex. 140, 145.

The judgment in this case awards a recovery against appellants in the name of the state, for the use and benefit of C. R. Steely, the father, as well as his four minor children, to whom the money in controversy belonged. C. R. Steely occupied as to his minor children the position of next friend, but the recovery was in their right alone, and should be restricted to their sole benefit. Since they are minors, they are not entitled to receive the proceeds of the judgment when collected. The judgment of the trial court is therefore reformed, so as to exclude the father, C. R. Steely, from beneficial participation in the proceeds of said recovery. It is, further ordered that the amount of said judgment may be paid by appellants, or either of them, into the registry of the county court, in which said judgment was rendered, by paying the same to the clerk thereof. It is further ordered that, in event such judgment, or any portion thereof, be collected on execution, the amount so collected, after satisfying costs, be deposited by the officer collecting the same in the registry of said court, by paying the same to the clerk thereof. Said money, when so deposited, may be withdrawn only by a lawful guardian of said minors, or under the provisions of article 1994 of our Revised Statutes, or, if not so withdrawn, the share of each of said minors shall be paid to him or her, respectively, on becoming of lawful age.

The judgment of the trial court, as so reformed, is affirmed.