984

STATE et al. v. STANDARD ACC. INS.
CO. et al.
No. 6290.

Court of Civil Appeals of Texas. Texarkana.
June 25, 1947.

Rehearing Denied July 3, 1947.

Price Daniel, Atty. Gen., and Joe R. Greenhill and W. V. Geppert, Asst. Attys. Gen., for appellants.

Ramey, Calhoun, Marsh, Brelsford & Shechy, of Tyler, for appellees.

HALL, Chief Justice.

This suit was filed in the District Court of Travis County, Texas, and later by agreement of the parties the venue was changed to the District Court of Smith County in the Seventh Judicial District of Texas. Plaintiffs sought recovery against Horace M. Mills, former tax assessor and collector of Smith County, and against Standard Accident Insurance Company, the surety upon the official bond of the said tax collector, for defaults, under one or the other or both of two official bonds signed by the same surety, the first covering a term of office beginning January 1, 1937, and

ending December 31, 1938, and the other beginning January 1, 1939, and ending by the resignation of the said tax collector on March 27, 1939.

Trial was before the court and resulted in judgment for the State of Texas against both the principal and the surety on the bond, as follows: Judgment against the surety, the insurance company, for $24,-009.25, together with $990.75 interest on said amount, making the total judgment against the insurance company $25,000, the face of the bond. Judgment was rendered against the principal for $24,009.25, with interest from date of default to the date of judgment, less the sum of $990.75 interest assessed against the insurance company. The total amount claimed by the state against the defaulting assessor-collector and appellee as surety on his bond was the sum of $24,009.25. It is stipulated in the record that the above indebtedness by the uncontroverted evidence as being the amount owing the state by the assessor-collector as it existed from and after March 27, 1939, and that the total amount of said default occurred on that date.

This appeal is based upon the following stipulation:

"It is agreed that if the liability of the Standard Accident Insurance Company is limited to the amount stated in the bond ($25,000.00), the judgment should be affirmed.

"It is agreed that if the liability of the Standard Accident Insurance Company is not limited to the amount stated in the bond, then the judgment should be reformed to include a recovery of the principal amount of the default, $24,009.25, plus interest at the rate of six per cent. * * *"

It is appellants' contention that the surety is not only liable for the principal amount of the default but that in addition thereto it is liable for interest from the date of default, or from the date it received notice of said default from the comptroller, or from the date it received notice from the attorney general, or from the date this suit was filed against it. This contention is advanced by appellants in point one. The letter from the comptroller to appellee insurance company making demand for pay-

ment of the amount of default of the assessor-collector, as well as the letter from the attorney general to it making a similar demand, contained an incorrect statement of the amount due. However, the correct amount of the shortage was stated in the petition filed in this suit by the state on May 16, 1940, and we shall consider the rights of the parties with reference to the date of filing suit, and no other. As stated above, the uncontroverted evidence established the fact that the tax assessor-collector's defalcation amounted to $24,009.25, the exact amount set forth in the state's petition. Judgment was not rendered in this suit until the 30th day of December, 1946. There is no contention made here that appellee, the insurance company, paid or offered to pay the amount of shortage of the assessor-collector, after the correct amount was stated and set forth in the state's petition. It is undisputed in this record that the insurance company held this money, belonging to the state, from the date of the filing of this suit until the date of judgment and that the amount of interest based on the rate of six per cent accruing during such period is $9,543.60. Had the insurance company paid to the State of Texas the amount of default, namely, $24,009.25, on the date of the filing of the state's petition, in our opinion, it would not be chargeable with interest, but we have concluded, under the undisputed facts of this suit, that since it has withheld from the state the amount of shortage set forth in the state's petition it is now due the state six per cent interest on said amount of shortage from May 16, 1940, the date of the filing of the suit, until December 30, 1946, the date of the judgment. We think that the above holding finds support in the case of Ward v. Maryland Casualty Co., 140 Tex. 124, 166 S.W.2d 117, by the Supreme Court, wherein it is stated: "While it seems clear that Hankamer is liable to petitioner for interest from the date the defalcations occurred, we believe a different rule must be applied to respondent (the surety). Its undertaking was that Hankamer would discharge his duty according to law—that is, that he would pay over to Ward, his successor, the moneys he admittedly was due to turn over to him. His liability was primary; its was secondary. It breached its obligation on December 14, 1940, when it failed to comply with petitioner's demand that it pay to him the $4,346.96 which its principal had theretofore failed to pay, and it cannot justly be charged with interest prior to the date of its breach. Interest, when awarded as damages, is to be computed from the time of the breach, which may be from the time demand is made on the surety, or from the commencement of suit."

The Ward case seems to follow the weight of American decisions, as well as the rule announced by eminent text-book writers. See also Collins v. Tarrant County, Tex.Civ.App., 242 S.W. 1105. 2 Sutherland on Damages, 4th Ed., p. 1569, Sec. 478, reads: "The weight of American authority, however, is in favor of allowing interest as damages beyond the penalty. The penalty is the limit of liability at the time of the breach; interest is afterwards given, not on the ground of contract, but as damages for its violation; for delay of payment after the duty to pay damages for breach of the condition to the amount of the penalty had attached. * * * Interest may properly be charged against sureties for delay after it became their duty to pay, as well as against the principals."

In 9 C.J. 132, Sec. 244, it is said: "In the United States, by the great weight of authority, interest may be allowed on the principal sum although the recovery may be more than the amount of the penalty. In some jurisdictions, however, a contrary rule prevails. Interest, where allowed in these cases, is allowed as damages for wrongfully withholding a payment which has become due, and the court may, on consideration of the facts, refuse it. * * *"

See also 11 C.J.S., Bonds, § 132, p. 511; 50 C.J. 90, Sec. 147; 21 R.C.L. 1087, Sec. 128. Appellee cites the case of Borden v. Houston, 2 Tex. 594, as authority for the proposition that the judgment in this case can be no more than the face of the bond; that is, $25,000. That case seems to so hold. However, there are some statements in that record which might make such hold-

ing dicta. But regardless of whether the statement in the Borden case was necessary to the holding therein or whether it is dicta, we think the latest pronouncement of the Supreme Court in the case of Ward v. Maryland Casualty Company, supra, overruled it; if not directly, certainly by implication.

Therefore, it is our opinion that the judgment of the court below should be reformed so as to add to the amount of the judgment the amount of interest stipulated in the record, that is, $9,543.60, making a total judgment against the appellee insurance company of $33,552.85, and as so reformed the judgment is affirmed.