POPE, Justice.
Paul G. Silber, Jr., as next friend for his two minor children and as next friend for his nephew and two nieces, also minors, sued Southern National Life Insurance Company upon five Savings Annuity Bond Policies. Defendant Insurance Company admits that it owes the amount claimed on the annuity-bonds, but refused to make payment directly to the minors and tendered the money into court. Defendant stated that it would make payment only to a legally appointed guardian. Plaintiff claims that this is a breach of its contract and prays for a rescission and interest at the rate of six per cent rather than the bond rate of three per cent. The trial court denied the relief, except that it ordered that the sums tendered into court may be paid by the clerk to the legally appointed guardian. We affirm the judgment.
Paul G. Silber, Sr., the grandfather of the minor children, during his lifetime, purchased from the defendant five Savings Annuity Bond Policies, one for each of his grandchildren. Each minor child was named the annuitant in the respective bond, and Paul G. Silber, Sr., was the beneficiary. In the event the beneficiary died before the annuitant, the bond provided that the minor could exercise the option to surrender the bond for its cash value. Paul G. Silber, Sr., the beneficiary, died in 1957, and at that time the cash value of the bond for Paulette Silber was $1,430.95; for Janette, was $1,430.95; for David, was $1,117.18; for Mary, was $538.48; and for Judith, was $4.12. The ages of these children ranged from nine to three years. Judith’s age is not disclosed.
There is no guardian for the minors’ estates. Demand for payment of the cash value was made by the parents, but defendant company refused to pay any person other than a legally appointed guardian. The next friend then instituted this suit and asserted that the bonds provide for payment to the minors upon consent of the parent or guardian. The clause in each of the bonds reads:
“Control of Policy. The Annuitant, ■subject to the, rights under an assignment,, may receive every benefit, exercise every right and enjoy every privilege conferred by this policy without the consent of any beneficiary, provided that no policy loan may be made or cash value paid to a minor without the written consent of parent or guardian.”
• The laws of Texas provide how the estates of minors are to be handled. The bonds provided that no cash value should be paid until the parent or guardian consents. That provision may ■ fix the time that the *717 debt is payable, but it does not alter the law as to how payments are to be made to minors. A parent is the natural guardian of the person of the minor, but as natural guardian he is only “entitled to be appointed” guardian of the minor’s estate. Sec. 109 Probate Code, Vernon’s Ann.Tex. Stats. He has no absolute right to act. Kahn v. Israelson, 62 Tex. 221. Without appointment, the parent has no authority to manage and control the minor’s estate. 31 Tex.Jur., Parent and Child, § 45; 39 C.J.S. Guardian and Ward § 74.
The minors sued through next friend, and this is a correct procedure. Rule 44, Texas Rules of Civil Procedure. In this instance, however, the suit was for recovery of money due on the bonds, and the money was deposited in the registry of the court. A recovery by next friend could only accomplish that much, but the next friend, after such a recovery, still does not become the manager of the funds. Article 1994, Vernon’s Ann.Civ.Tex.Stats., makes provision for limited disposition of funds which are less than five hundred dollars. With respect to funds in excess of that amount, a guardian is required even after recovery by next friend. Travelers Ins. Co. v. Calcote, Tex.Civ.App., 205 S.W.2d 56; Wilson v. Fisher, Tex.Civ.App., 105 S.W.2d 304; Harllee v. State, Tex.Civ.App., 18 S.W.2d 1091; 23 Tex.Jur., Infants, §§ 82, 85; 27 Am.Jur., Infants, § 134. Since the parent, without appointment as guardian of the minor’s estate, could not act as such, defendant corporation was under no duty to pay the parent as claimant on behalf of the children. Nor could the defendant corporation be expected, in the face of the above authorities, to deliver the currency or write a check payable to the children, some of whom cannot even write. Defendant was under no duty to make payment to anybody other than the person qualified in law to act on behalf of the minors’ estates. After suit was filed by next friend, recovery could be had, but the judgment would require that any recovery should be paid into the registry of the court, where defendant had tendered and deposited the money. The money must stay there until the children reach the age of twenty-one, or a legal guardian is appointed to whom the clerk may make payment, or the provisions of Article 1994 are met. Wilson v. Fisher, supra; 43 C.J.S. Infants § 124.
Affirmed.