LAWYERS SURETY COMPANY et al.,
Appellants,

v.

Tomas REINA et al., Appellees.

No. 8208.

Court of Civil Appeals of Texas,
Amarillo.

July 31, 1972.

Rehearing Denied Aug. 28, 1972.

Fillmore, Lambert, Farabee & Purtle, Roger A. Lee, Wichita Falls, for appellants.

Rex E. Sullivan, Jr., Quanah, Bill Neal, Vernon, Nelson, Sherrod, Carter & Oldham, Stan Carter, Wichita Falls, for appellees.

JOY, Justice.

This is an appeal from a summary judgment granted against appellant Lawyers Surety Company as surety on an official bond of a district clerk who converted certain monies in her possession, with the judgment in favor of appellees Tomas Reina, Elena Reina, and Bill Neal (hereinafter referred to as Reinas). Reformed and affirmed as reformed.

The facts as related in sworn pleadings, affidavits, and motions are basically undisputed. Prior to the filing of this cause, Tomas and Elena Reina had brought suit against Hartford Accident & Indemnity Company upon a workmen's compensation claim. On December 20, 1967, Hartford tendered to the clerk the sum of $4,302.00 acknowledging it owed Tomas and Elena Reina that amount. This tender was filed just prior to a hearing on the merits. No order of the court was made or entered directing or authorizing the tender or distribution of the $4,302.00 in the clerk's office. Trial was had to the court on December 21, 1967 and on July 3, 1968, the court entered its judgment ordering the clerk to pay over the $4,302.00 that was in the registry of the court to Tomas and Elena Reina. The judgment also provided for an additional amount of approximately $6,203.74 to be paid to Tomas and Elena Reina and ordered execution. On March 3, 1970, the Reinas made demand on the clerk for the $4,302.00 remaining balance and $3,815.66 of that amount had been taken by the clerk and converted to her own use. Hartford paid the additional amount ordered by the court which was delivered to the Reinas. The Reinas then made a demand upon Lawyers Surety for payment upon the clerk's bond which Lawyers Surety refused. Suit was then filed by the Reinas against the surety and the clerk, with the County of Hardeman, certain named child support recipients and the local newspaper intervening for payment of monies paid into the clerk's office belonging to them. The Reinas also joined Hartford as a defendant contending that in the event Lawyers Surety was not liable, then alternatively, Hartford owed the $3,815.66. The trial court granted summary judgment in favor of Reinas against the clerk for the full amount of $3,815.66 but that because the clerk swore a portion of the money was stolen before judgment was entered, the surety on her bond, Lawyers Surety, was held liable for only $3,540.66 thereof. Hartford's motion for summary judgment was granted against the Reinas. The Rei-

nas and Lawyers Surety have both appealed in the cause.

▆▆▆ Lawyers Surety by its first two points of error contends that its bond did not cover any of the funds deposited to the clerk by Hartford for the reason that the court had not directed or ordered the tender to the clerk. Lawyers Surety cites cases reflecting the payment of funds to the clerk *after* judgment has been rendered but not ordered by the court to be paid to the clerk. Its cases are not in point and no purpose would be served by analysis thereof, beyond expressly noting that the cases relied upon by Lawyers Surety clearly hold that once a final judgment has been entered and the court loses jurisdiction of the cause, official duty of the clerk ceases and no duty rests upon the clerk to accept money for any of the parties involved in the suit. We have no quarrel with the rule of those cases. Lawyers Surety contends that by reason of payment into the court by Hartford, without an order from the court at that moment of the $3,815.66 stolen by the clerk thereafter, that Lawyers Surety was relieved of all liability on the surety bond. We do not agree. The general rule as agreed to between the parties of the appeal seems to be that the monies must be paid to the clerk by order of the court or by statutory authorization. Obviously the court had knowledge of the payment made to the clerk on December 21, 1967, the date of the hearing, which was one day following the payment by Hartford as stated by the court in the judgment entered on July 3, 1968, some six and a half months after the hearing. The court order having recognized the monies as having been paid to the registry of the court would certainly be effective to stamp any funds held by the clerk as of that date as being held in the clerk's official capacity. We think, however, that the entire $4,302.00 paid in was held by the clerk in her official capacity by reason of Vernon's Ann.Civ.St. art. 2290. The statute reads in part as follows:

"The officer having custody of any money . . . deposited in court during the progress of any cause to abide the result of any legal proceeding, . . . keeping it always accessible and subject to the control of the court; . . . ."

Impliedly, this statute authorized the district clerk to accept the money tendered by Hartford in her official capacity. Clearly Hartford tendered the money into the court during the "progress of (the) cause" and prior to judgment therein. The statute does not require that the money be tendered upon an order of the court but only that it be deposited during the progress of the cause. The clerk having failed to keep the monies "accessible and subject to the control of the court" but, quite to the contrary, deliberately and intentionally converting the monies to her own personal use, clearly violated the statutorily expressed duty, subjecting herself as well as her surety company to liability for the total amount stolen subject to the limitations of the bond. We hold that, by the clerk's accepting the funds tendered and failing to hold the funds upon the order of the court, the surety company became liable for the malfeasance irrespective of whether or not the acts were done by virtue of office or under color of office. We can find no reasonable basis for any distinction therein. The general rule in relation to the official duties of the clerk is two-fold in that the monies or properties paid to or deposited with the clerk must be by (1) an order of the court or (2) by statutory authority. Article 2290 does not require an order of the court. The statute obviously is designed to allow a litigant to voluntarily tender monies into the court after filing suit prior to entry of judgment. In Manhattan Life Ins. Co. v. Stubbs, 234 S.W. 1099 (Tex.Comm'n App., 1921), funds were deposited into the registry of the court during the pendency of suit and prior to judgment. The court stated it had the power to determine the disposition of the

fund in its final judgment, thus, giving recognition to the tender so made, without previous order, in its adjudication of the respective rights of the parties. The holding in the Manhattan case was distinguished from the cases cited by appellant in the case of Iowa Mutual Insurance Company v. Burmester, 313 S.W.2d 897, 903 (Tex.Civ.App.—Houston 1958, no writ). Also, see: Harllee v. State, to Use of Steely, 18 S.W.2d 1091 (Tex.Civ.App.—Waco 1929, no writ) and Lanham v. Dies, 98 S.W. 897 (Tex.Civ.App.—1906, no writ).

 The surety next asserts as error the granting of the summary judgment contending that the affidavits and sworn pleadings consisted of hearsay and conclusions of interested witnesses. A sworn answer of defendant clerk admitted in clear and certain terms the theft of the monies. Further, the theft of the monies and the surrounding circumstances would be peculiarly within a clerk's knowledge and is not hearsay nor conclusion. Having stolen the monies at various times and in varying amounts, the clerk answered that she "believed" she had stolen certain amounts between certain dates. Having held above that the dates of the theft are immaterial, we do not think it necessary to the judgment to consider the ratiocinative opinion of the clerk as to the various dates. As stated in 2 McCormick and Ray, Texas Evidence, § 1398, page 229, " . . . a statement in the form of a ratiocinative opinion may be a statement of fact within the knowledge of the witness." We find no merit in the two points and they are overruled.

The judgment of the trial court is reformed in that the Reinas are granted judgment against Lawyers Surety in the full amount of $3,815.66; in all other respects, the judgment of the trial court is affirmed. The costs of this appeal are adjudged against Lawyers Surety Company.