

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 30, 1974

The Honorable Jim Sharon Bearden
Orange County Attorney
Orange Courthouse
Orange, Texas 77630

Opinion No. H- 360

Re: Liability of district
clerk for disappearance
of trust funds.

Dear Mr. Bearden:

Your letter requesting our opinion reads:

> I have been asked by the District Clerk and the
> County Auditor for an opinion from your office
> on the following question:

>> Is the District Clerk liable for trust funds
>> (child support monies) that have mysteriously
>> disappeared?

> On about January 3, 1974, $500.00 in cash of child
> support money came up mysteriously missing. .There
> is no evidence indicating that any of the deputy district
> clerks assigned to the child support office were in-
> volved in the disappearance.

You summarize:

> 1. Is the district clerk personally liable for funds
> that have mysteriously disappeared that were in her
> possession in trust?

> 2. If it can be established that this money was stolen
> by an outsider without fault on the part of the district

clerk, would the district clerk be liable personally
for such funds?

We understand from your letter that we are to assume the funds
were paid into the Registry of the District Court and came into the construc-
tive or actual possession of the Clerk at some time.   The brief accompany-
ing your request sets out the applicable statutes and ably reviews the
authorities as follows:

Article 2558a, Sec. 9, V. T. C. S. , states:

> The County and District Clerks shall not be
> responsible for any loss of the Trust Funds
> through failure or negligence of any depository,
> but nothing in this Act shall release any County
> or District Clerk for any loss resulting from
> any official misconduct or negligence on his part
> nor from any responsibility for such Trust Funds
> until a depository shall be selected and the funds
> deposited therein nor for any misappropriation of
> such funds by him.   Upon the deposit in the legally
> selected depository of the Trust Funds by any
> County of District Clerk,  such Clerk shall there-
> after be relieved of the safekeeping of said funds.

Article 2290, V. T. C. S. says:

> The officer having custody of any money, debt, script,
> instrument or writing,  or other article paid or
> deposited in court during the progress of any cause
> to abide the result of any legal proceeding,  shall
> seal up in a secure package the identical money or
> other article so received and deposit it in some
> safe or bank vault, keeping it always accessible and
> subject to the control of the court; and he shall also
> keep in his office as a part of the records thereof a

> correct itemized statement of such deposit, on
> what account received, and the disposition made
> of the same.  When his term of office expires,
> such officer shall turn over to his successor all
> of such trust funds and other property and the
> record book thereof, taking his receipt therefore.
> This article shall not exempt any officer or his
> surety from any liability on his official bond for
> any neglect or other default in regard to said
> property.

In 47  TEX.  JUR.  2d, Public Officers, Sec. 136, p. 175, it says:

> An officer who is the custodian of public money does
> not occupy the position of a mere bailee for hire, who
> is responsible only for such care of the money as a
> prudent man would take of his own; nor is he a "debtor"
> to the county within the ordinary meaning of the term,
> since if he were, the money would be his property and
> he could not be guilty of misapplying it as the offense
> is defined in the Penal Code.  He is bound to account
> for and pay over the money to the person entitled, less
> his commissions, or his sureties must pay it for him;
> and neither he nor his sureties are relieved from
> liability by the fact that the money was stolen without
> his fault . . . .

You have also cited to us Harllee v. State, 18 S. W. 2d 1091 (Tex. Civ. App. --Waco 1929), in which the court said that the Clerk of the district court and his sureties were liable for money deposited in the registry of the court for minors, notwithstanding the unauthorized attempt to pay the minor's father, and Lanham v. Dies, 98 S. W. 897 (Tex. Civ. App. 1907) a suit in which the district clerk had deposited money in a safe that was supposed to be burglar-proof.  Burglars later proved that this was not the case and the court held the district clerk liable.

We believe the statutes and cases you cited support affirmative answers to your questions.  Also see Lawyers Surety Corp. v. Reina, 483 S. W. 2d 911 (Tex. Civ. App. -- Amarillo 1972, writ ref. n. r. e.), and Col v. Foree, 50 S. W. 616 (Tex. Civ. App., 1899, writ ref.); Attorney General Opinion M-1198 (1972).

In our opinion the duty of the clerk to account for the money is absolute. ·

## SUMMARY

The duty of the District Clerk to account for child support money paid into the Registry of the Court is absolute, and the Clerk is liable for its mysterious disappearance prior to its deposit in the official depository therefor.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK  First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg