

## THE ATTORNEY GENERAL
## OF TEXAS

April 4, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Stanley D. Curbo
Young County Attorney
P. O. Box 298
Graham, Texas 76046

Opinion No. JM-882

Re: Whether the signature of the county auditor and/or county treasurer is required for withdrawal of money from a trust fund account administered by a county or district clerk (RQ-1041)

Dear Mr. Curbo:

County and district court clerks serve as trustees for money or property paid to or deposited with a court pending disposition of a suit. See Civil Practice and Remedies Code, §7.002 See also Lawyers Surety Co. v. Reina, 483 S.W.2d 911 (Tex. Civ. App. - Amarillo 1972, writ ref'd n.r.e.); Harris County v. Sellers, 468 S.W.2d 950 (Tex. Civ. App. - Houston [1st Dist.] 1971, reversed on other grounds, 483 S.W. 242 (Tex. 1972); Attorney General Opinion H-360 (1974). Article 2558a,[1] V.T.C.S., governs the county commissioners' selection of depositories for trust funds that are under the administration and control of county and district clerks. You ask whether the signature of either the county auditor or the county treasurer or both is required for the withdrawal of money from such a trust fund account administered by a county or district clerk. Your question is prompted by the fact that the county treasurer, as chief custodian of county finances, is required to affix his signature to county warrants before they can be presented and honored by the county's depository. V.T.C.S. art. 2554; see generally

---

[1] Arts. 2558a, 2554, 1653, 1631, 1709, 1909a, V.T.C.S., have been repealed and re-codified, effective September 1, 1987, with the Local Government Code. See Acts 1987, 70th Leg., ch. 149, §§1, 49.

V.T.C.S. arts. 1709, 1709a. We conclude that the signature of neither the county treasurer nor the county auditor is required for the withdrawal of money from a trust fund account administered by a county or district clerk. Money deposited with a court and administered by a county or district clerk in a trust fund pursuant to article 2558a, V.T.C.S., may be withdrawn only by a check drawn by the clerk having custody by law of those funds, upon the order of the judge of the court in which the funds have been deposited.

Title 47 of the Revised Civil Statutes of Texas contains the statutes governing the selection by various sorts of political subdivisions in the state of depositories for various public funds. Article 2558a, V.T.C.S., sets forth the provisions that are applicable to a county commissioners court selecting depositories for trust funds under the administration and control of county and district clerks. Section 4a of article 2558a governs the placing of trust funds on time deposit and sets forth the following:

> The Commissioners Court of each county, acting by and through the County Auditor, or if there is no County Auditor then the County Treasurer, of such county, is authorized to place on time deposit with the depository bank for trust funds in the possession of County and District Clerks of such County, that portion of the trust funds account estimated by the County Auditor or County Treasurer, as the case may be, as not required immediately to pay out all amounts in accordance with proper orders of the Judge of the Court in which funds have been deposited. If at any time the funds so placed on time deposit are required before maturity, they shall be made available by the depository bank but the depository bank shall not be liable for interest earned on such amount withdrawn from time deposit. The Commissioners Court is authorized and directed to receive all interest so earned on time deposit of such trust funds and to place all such interest into the General Fund of the County as an offset to the expenses of handling such trust funds for the benefit of litigants.

Section 6 of article 2558a provides for payment upon the presentment of checks and sets forth the following relevant provisions:

> It shall be the duty of the depository to provide for the payment at the county seat of the county upon presentment all checks drawn by the County or District Clerk upon the funds deposited in the name of such Clerk as long as such funds shall be in the possession of the depository subject to such checks. (Emphasis added.)

Section 11 of article 2558a sets forth the following relevant language: "The funds deposited by the Clerk shall be carried as a Trust Fund account in the name of the Clerk making the deposit, and same shall be subject to withdrawal by the Clerk under the conditions set out in the succeeding paragraph of this Act." (Emphasis added.) Section 12 of article 2558a provides:

> Except upon an order of the Judge of the Court in which funds have been deposited, no check shall be drawn on said depository for any part of said funds by the Clerk except for payment to the person or persons to whom the amount of said check is due. All checks drawn by the Clerks shall show the style number of the proceeding in which money was deposited with the Clerk. (Emphasis added.)

See also section 13 of V.T.C.S. art. 2558a.

Article XVI, section 44, of the Texas Constitution provides, inter alia, that the legislature shall prescribe the duties of the office of county treasurer. Article 1709, V.T.C.S., sets forth the duties of the county treasurer and provides the following relevant language:

> The County Treasurer, as chief custodian of county finance, shall receive all moneys belonging to the county from whatever source they may be derived; keep and account for the same in a designated depository on depositories; and pay and apply or disburse the same, in such manner as the Commissioners Court may require or direct, not inconsistent with constitutional law. (Emphasis added.)

Article 1709a, V.T.C.S., providing specifically for the receipt, safe-keeping and disbursement of county funds, sets forth at section 4 the following relevant provisions:

> From and after the effective date of this Act <u>the County Treasurer in each county shall disburse all moneys belonging to the county, for whatever purposes they may be claimed, and shall pay and apply the same as required by law</u>. No moneys shall be expended or withdrawn from the county treasury except by checks or warrants drawn on the county treasury, whether such moneys are in a county depository as required by law or not. (Emphasis added.)

Article 2554, V.T.C.S., details the way in which county warrants are to be paid and provides the following relevant language:

> It shall be the duty of the county treasurer upon the presentation to him of any warrant, check, voucher, or order drawn by the proper authority, if there be funds sufficient for the payment thereof on deposit in the account against which such warrant is drawn, to endorse upon the face of such instrument his order to pay the same to the payee named therein and to charge the same on his books to the fund upon which it is drawn.

Article 1651, V.T.C.S., sets forth the duties of the county auditor and provides that

> [t]he Auditor shall have a general oversight of all the books and records of all the officers of the county, district or state, who may be authorized or required by law to receive or collect any money, funds, fees, or other property for the use of or, belonging to, the county. . . .

<u>See also</u> V.T.C.S., arts. 1653, 1709a.

We have found no relevant statutory provision conferring either the authority or the responsibility to either the county treasurer, the county auditor, or both, for signing instruments authorizing the withdrawal of money from a trust fund account administered by a county

or district clerk. That no statute contains any such provision is understandable, since the money deposited with a county or district clerk is not county money. The only way in which money deposited in a trust fund pursuant to article 2558a may be withdrawn is by a check drawn by the clerk having custody by law of those funds, upon an order of the judge of the court in which the funds have been deposited.

### S U M M A R Y

Neither the signature of the county auditor, nor that of the county treasurer is necessary for the withdrawal of money from a trust fund account administered by a county or district clerk pursuant to article 2558a, V.T.C.S. Money deposited in a trust fund pursuant to article 2558a, V.T.C.S., may be withdrawn only by a check drawn by the clerk having custody by law of those funds, upon an order of the judge of the court in which the funds have been deposited.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General