eagle insurance v. d'angelo 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-048-CV





EAGLE INSURANCE COMPANY,



 APPELLANT


vs.





GERALD F. D'ANGELO AND APPLE DODGE, INC.,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 483,462, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING



 


 


 This appeal arises from claims against a Motor Vehicle Dealer's Surety Bond issued
by appellant Eagle Insurance Company ("Eagle") to its principal, John Darrien Hays, doing
business as Hays Auto Sales. The parties in this appeal are Eagle, the defendant below, and two
bond claimants, Gerald F. D'Angelo, plaintiff below, and Apple Dodge, Inc. ("Apple"),
intervenor below. (1) Eagle brings five points of error in its appeal of a judgment rendered in favor
of D'Angelo and Apple, while Apple brings one cross-point. We will affirm the trial court's
judgment.

BACKGROUND


 Texas law requires that motor vehicle dealers purchase a properly executed surety
bond in the amount of $25,000. The bond must be conditioned on (1) the dealer's payment of all
valid bank drafts for the purchase of motor vehicles and (2) the dealer's transfer of good title to
each motor vehicle it offers for sale. Tex. Rev. Civ. Stat. Ann. art. 6686(a)(1-A)(vii) (West
Supp. 1993). Eagle issued a bond to Hays containing these required conditions. A person may
recover against a Motor Vehicle Dealer's Surety Bond if he obtains a judgment against the dealer
assessing damages for an act or omission on which the bond is conditioned. Id. D'Angelo
obtained a default judgment against Hays for damages totalling $36,376.93, while Apple obtained
a default judgment against Hays in the amount of $7,050.00. D'Angelo's judgment reflected that
Hays was indebted to D'Angelo for (1) the failure to pay seven valid bank drafts drawn by Hays
for the purchase of motor vehicles and (2) the failure to transfer good title to motor vehicles he
purported to sell. Although Pavilion Lincoln Mercury originally brought this present action,
Eagle, Apple, and D'Angelo were the only parties remaining at trial. After trial to the bench, the
trial court rendered judgment in favor of the bond claimants. It awarded D'Angelo $16,546.93
for his claim on the bond, $1,411.70 in pre-judgment interest, and $6,300 in attorney's fees, for
a total of $24,258.63. It awarded Apple $5,000 for its claim on the bond, $290.13 in pre-judgment interest, and $3,450 in attorney's fees, for a total of $8,740.13.



VALIDITY OF D'ANGELO'S CLAIM


 The parties dispute the business relationship between Hays and D'Angelo. Eagle
challenges D'Angelo's ability to recover on Hays's bond on the basis that D'Angelo was actually
a "floor-plan lender" and not a valid claimant. Even if this characterization were true, Eagle cites
no authority that would prohibit recovery by one in the role of such a lender, so long as he meets
the conditions of the surety bond.

 D'Angelo testified at trial about the parties' transactions. The trial court expressly
found in its second finding of fact that D'Angelo's claims on the bond were for Hays's dishonored
bank drafts for the purchase of motor vehicles and for Hays's failure to transfer good title to
motor vehicles he purported to sell to D'Angelo. The court further found that D'Angelo obtained
a default judgment against Hays. This default judgment, as noted above, contained similar
descriptions of the nature of D'Angelo's claims.

 Eagle's first point of error states:



Regardless of how Appellees characterize the Principal's non-payment of drafts,
neither Article 6686, nor bonds pursuant thereto, impose liability on Appellant-Surety for non-payment of a floor planning lender given drafts for security,
because there was no `purchase' or `sale' within the meaning of the bonding
statute; default on such extensions of credit leave [sic] such party in the position
of a guarantor of a mortgagee.



This general complaint is confusing and multifarious, as it embraces more than one ground of
error. We may disregard a multifarious assignment of error. Pooser v. Lovett Square
Townhomes, 702 S.W.2d 226, 228 (Tex. App.--Houston [1st Dist.] 1985, writ ref'd n.r.e.); see
also Slentz v. American Airlines, Inc., 817 S.W.2d 366, 370 (Tex. App.--Austin 1991, writ
denied). More importantly, this point fails to attack the trial court's findings of fact; Eagle's
record reference under this point merely directs us to its motion for new trial. The relevant
question is not how appellees characterize the transaction but what facts were found by the trial
court. In effect, Eagle asks this Court to hold that no evidence supports these findings and
contrary facts were established as a matter of law. Findings of fact unchallenged by point of
error, however, are conclusive and binding on appeal. Whitten v. Alling & Cory Co., 526 S.W.2d
245, 248 (Tex. Civ. App.--Tyler 1975, writ ref'd); Ervin v. Ervin, 624 S.W.2d 264, 266 (Tex.
App.--Eastland 1981, writ dism'd). The trial court found that Hays had committed acts or
omissions upon which the surety bond was conditioned: the failure to pay bank drafts drawn for
the purchase of motor vehicles and the failure to transfer good title to motor vehicles Hays offered
for sale. The trial court also found that D'Angelo had obtained a default judgment for resulting
damages. Under article 6686(a)(1-A)(vii), these facts are sufficient to support the judgment in
favor of D'Angelo. We overrule Eagle's first point of error.

 Eagle's third point of error asserts the trial court's finding of a conditional sale was
against the great weight of the evidence. Eagle's record reference again directs us to its motion
for new trial as well as the fourth conclusion of law. We can locate no finding of fact in the
record that mentions the term "conditional sale." In its discussion on this point, Eagle suggests
that is the construction of the trial court's finding that D'Angelo's claims were for Hays's failure
to pay drafts drawn for the purchase of motor vehicles and the failure to transfer good title to
vehicles Hays attempted to sell D'Angelo. We fail to read the court's finding as stating that the
transactions between Hays and D'Angelo were conditional sales. To the extent this point could
be considered a challenge to the trial court's second finding of fact, we hold the record contains
factually sufficient evidence in support of the finding.

 Eagle's third point also asserts that the trial court's fourth conclusion of law that
a mortgage is a sale within the meaning of the bonding statute is against the great weight of the
evidence. Conclusions of law cannot be challenged on factual sufficiency grounds. First Nat'l
Bank v. Kinabrew, 589 S.W.2d 137, 146 (Tex. Civ. App.--Tyler 1979, writ ref'd n.r.e.). 
Furthermore, incorrect conclusions of law will not require reversal if the trial court's findings of
fact will support a correct legal theory. Benavides v. Warren, 674 S.W.2d 353, 362 (Tex.
App.--San Antonio 1984, writ ref'd n.r.e.). The trial court made no finding that the transaction
between D'Angelo and Hays was a mortgage. Its conclusion of law that a mortgage is a sale does
not affect the validity of the judgment, which is supported by the trial court's finding that
D'Angelo obtained a default judgment for damages caused by acts or omissions by Hays that were
conditions under the terms of the bond. We overrule the third point of error.

 In its fourth point of error, Eagle complains that the trial court erred in permitting
D'Angelo to introduce evidence contradicting what it characterizes as his prior judicial
admissions. Eagle asserts that D'Angelo's testimony about the nature of his transactions with
Hays contradicts his pleadings in his default judgment action against Hays, where he described
the transactions as a floor plan arrangement.

 Assertions of fact in the live pleadings of a party are regarded as formal judicial
admissions, and any fact admitted is conclusively established. Houston First Am. Sav. v. Musick,
650 S.W.2d 764, 767 (Tex. 1983). A party may not introduce evidence to contradict its judicial
admissions. Davis v. Quality Pest Control, 641 S.W.2d 324, 329 (Tex. App.--Houston [14th
Dist.] 1982, writ ref'd n.r.e.); Canales v. Bank of California, 316 S.W.2d 314, 318 (Tex. Civ.
App.--Eastland 1958, writ ref'd n.r.e.). However, the party relying on its opponent's pleadings
as judicial admissions of fact must protect its record by objecting to the introduction of evidence
contrary to that admission of fact. Musick, 650 S.W.2d at 769. Eagle did not object when
D'Angelo testified about the nature of his transactions with Hays. Eagle has waived any error on
this matter. Tex. R. Civ. Evid. 103(a)(1).

 Furthermore, Eagle cites no authority for the proposition that D'Angelo's pleadings
in a prior action are judicial admissions in the present cause. The bonding statute only mentions
the judgment the bond claimant must obtain against the dealer, not the pleadings in that
proceeding. The description in the default judgment against Hays of the transactions between
D'Angelo and Hays is consistent with D'Angelo's testimony in this cause. We overrule Eagle's
fourth point of error.



ATTORNEY'S FEES AND PRE-JUDGMENT INTEREST


 In point of error two, Eagle complains that the trial court erred in awarding
D'Angelo attorney's fees and pre-judgment interest. Further, although Eagle does not dispute the
validity of Apple's claim or the propriety of the trial court's award of attorney's fees and pre-judgment interest to Apple, it asserts that the total recovery by D'Angelo and Apple must be
limited to the $25,000 face value of the bond.

 Eagle does not dispute its liability for attorney's fees and pre-judgment interest on
valid claims against the surety bond. However, Eagle notes that the trial court deducted $8,200
from the amount D'Angelo sought at trial as a credit for motor vehicles involved in his
transactions with Hays that he had repossessed and sold. Eagle contends the trial court erred in
awarding D'Angelo attorney's fees since he did not recover the entire amount he sought at trial. 
Eagle also contends that the trial court erred in awarding pre-judgment interest from April 3,
1990, the date that D'Angelo asserted his claim on the bond, until the date of judgment. Eagle
argues that because the court deducted $8,200 at trial, no "ascertainable sum of money" existed
on April 3, 1990.

 Eagle does not attack the trial court's findings of fact awarding D'Angelo attorney's
fees and pre-judgment interest. Further, Eagle does not attack the trial court's conclusion of law
that D'Angelo was entitled to attorney's fees as the successful party in a declaratory judgment
action (2) and as the recovering party on a contract claim. (3)

 Moreover, we hold that Eagle has failed to show why the trial court's award of
attorney's fees to D'Angelo as the successful party, even though he did not recover all the
damages he sought, was a clear abuse of discretion, the appropriate standard in a declaratory
judgment action. See Oake v. Collin County, 692 S.W.2d 454, 455 (Tex. 1985); Edwin M. Jones
Oil Co. v. Pend Oreille Oil & Gas Co., 794 S.W.2d 442, 448 (Tex. App.--Corpus Christi 1990,
writ denied). Judgments have been upheld where the trial court failed to award fees to the
prevailing party and where the trial court awarded fees to the losing party. Edwin M. Jones Oil
Co., 794 S.W.2d at 448-49.

 The Texas Supreme Court has held that pre-judgment interest is recoverable against
a surety of a statutory bond as a matter of right where an ascertainable sum of money is
determined to have been due and payable at a date certain prior to judgment. Howze v. Surety
Corp. of Am., 584 S.W.2d 263, 268 (Tex. 1979). D'Angelo's claim against the bond on April
3, 1990, was for a specific, ascertainable sum. The trial court correctly awarded pre-judgment
interest only on the damages it awarded D'Angelo after giving Eagle credit for the value of the
cars D'Angelo had sold between April 3, 1990, and the date of judgment.

 Eagle also asserts that the trial court erred when it awarded D'Angelo $24,258.63
and Apple $8,740,13. Eagle claims that because its liability as a surety is limited to $25,000
under the terms of the bond, Apple is not entitled to recover more than $741.37. Eagle admits
that if D'Angelo's claim were not valid, Apple should recover its entire claim plus attorney's fees
and interest.

 The trial court made findings of fact that D'Angelo could recover $16,546.93 and
Apple could recover $5,000 against the bond. It also found that the total sum debited against the
bond was $21,546.93 and that all pre- and post-judgment interest and attorney's fees would not
be debited against the bond. Eagle does not attack these findings of fact. Nor does Eagle attack
the trial court's conclusion of law that Apple could recover attorney's fees as the recovering party
in a contract claim. (4)

 The supreme court, on motion for rehearing, reformed its judgment to award a
claimant on a statutory bond pre-judgment interest, despite the fact that the total award then
exceeded the face amount of the bond. Howze, 584 S.W.2d at 268; see also Collins v. Tarrant
County, 242 S.W. 1105, 1105-06 (Tex. Civ. App.--Fort Worth 1922, no writ) (interest recoverable
even though total recovery exceeded face value of bond). Although the total damages awarded
against Eagle in this case exceed the face amount of the bond, the trial court carefully segregated
the damages awardable against the bond and the attorney's fees and interest recoverable under
statute. We overrule Eagle's second point of error.

 Eagle's fifth point of error challenges the trial court's failure to award it attorney's
fees incurred in bringing its declaratory judgment action. The award of attorney's fees in a
declaratory judgment action is discretionary and will not be reversed on appeal absent an abuse
of discretion. Oake, 692 S.W.2d at 455; Jennings v. Minco Technology Labs, Inc., 765 S.W.2d
497, 503 (Tex. App.--Austin 1989, writ denied). Eagle has not shown how the trial court abused
its discretion by denying it attorney's fees, especially considering Eagle did not prevail at trial. 
See Edwin M. Jones Oil Co., 794 S.W.2d at 448-49. We overrule Eagle's fifth point.



APPLE'S CROSS-POINT


 Apple raises one cross-point on appeal. It asks this Court to award it additional
damages of ten percent as a sanction against Eagle for bringing a frivolous appeal. We decline
to do so. Although we find no merit in Eagle's argument, we cannot hold that its appeal was
taken for delay and without sufficient cause. See Tex. R. App. P. 84; see also Standard
Container Corp. v. Dragon Realty, 683 S.W.2d 45, 48 (Tex. App.--Dallas 1984, writ ref'd n.r.e.). 
We overrule Apple's cross-point.

 Accordingly, we affirm the judgment of the trial court.




 Marilyn Aboussie, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: May 26, 1993

[Do Not Publish] 

1.   Pavilion Lincoln Mercury, a bond claimant, originally brought suit against Eagle,
which later brought an action for declaratory relief against the claimants on the bond,
including D'Angelo as a third-party defendant. Pavilion and another bond claimant
settled with Eagle before trial. The trial court's judgment designates the remaining
parties as described in the text above.
2.   See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1986).
3.   See Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 1986).
4.   See Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 1986).